IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>AETNA, INC. and AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 3:22-cv-00229 (RNC)<br><br>April 1, 2022 |

**<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, Defendants Aetna, Inc. and Aetna Life Insurance Company, Inc. (collectively "Aetna") hereby submit this Motion to Dismiss the Complaint filed by Plaintiff Tara Kulwicki, on behalf of herself and all others similarly situated ("Plaintiff").

First, Plaintiff has failed to join several necessary and indispensable parties, including the Wellstar Employee Medical Plan ("Wellstar Plan"), the health benefit plan at issue in this case, and its sponsor and administrator, Wellstar Health System, Inc. ("Wellstar Health"). The employer-sponsor funds and administers the plan, has final authority over the terms of the plan, and is responsible for payment of all benefits under the plan. Aetna, the only defendant in this action, simply acted as the claims administrator, administering the plan at the sponsor's direction. Similarly, Plaintiff also has failed to join the many plans and plan sponsors and administrators of the many other health benefit plans within the scope of her broad putative class. Without either the plans or the plan sponsors and administrators, the Court is unable to afford Plaintiff the relief she seeks, making the missing parties necessary and indispensable under Rule 19. If Plaintiff

either cannot or will not join these missing parties to this action, the Complaint should be dismissed pursuant to Rule 12(b)(7).

Second, Plaintiff lacks Article III standing for the relief she seeks because she is no longer a member of the Wellstar Plan. Plaintiff alleges no past monetary damages and asserts no cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA") that would support an award of benefits under the plan. Instead, she asks the Court to rewrite the terms of the plan to require the benefits coverage she demands. But Plaintiff has no present or future rights under the plan and thus lacks the forward-looking concrete interest in the outcome of this litigation that Article III requires. Any declaration or injunctive relief changing the way Aetna administers the Wellstar Plan would have no effect on Plaintiff, and the injuries she alleges are not likely to be redressed by a favorable decision of the Court. Aetna thus moves to dismiss the Complaint for lack of standing pursuant to Rule 12(b)(1).[1]

Lastly, Aetna Inc. is not a proper party to this litigation as it is a holding company that is not licensed to sell insurance. Aetna Inc. had no involvement with services performed by Aetna Life Insurance Company as claims administrator of the Wellstar Plan and is not responsible for the actions complained of in this case. Plaintiff's Complaint as to Aetna Inc. should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

For these reasons, which are set forth in more detail in Aetna's Memorandum in Support of its Motion to Dismiss, Aetna respectfully requests that this Court dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.

---

[1] To the extent Plaintiff's Complaint asks the Court to order an award of benefits from the Wellstar Plan without regard to the requirements of ERISA and without asserting a cause of action under ERISA, Plaintiff's Complaint also should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Dated at Glastonbury, Connecticut this 1st day of April, 2022.

/s/ *Dennis O. Brown*
Dennis O. Brown (ct04598)
Gordon Rees Scully Mansukhani LLP
95 Glastonbury Blvd, Suite 206
Glastonbury, Connecticut 06033
Tel.: (860) 278-7448
Fax: (860) 560-0185
dbrown@grsm.com

Earl B. Austin
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 408-2500

Mariellen Dugan
CALCAGNI & KANEFSKY LLP
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, New Jersey 07102
Tel.: 862-397-1796
mdugan@ck-litigation.com

*Attorneys for Defendants Aetna, Inc. and Aetna Life Insurance Company*

## **CERTIFICATION**

I hereby certify that on this 1st day of April, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Dennis O. Brown*
　　　　　　　　　　　　　　　　　　　　　　　　Dennis O. Brown