**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated, <br><br>                 Pᴌᴀɪɴᴛɪꜰꜰ, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br>                 Dᴇꜰᴇɴᴅᴀɴᴛ. | Case No. 3:22-cv-229-RNC |

**REPORT OF PARTIES' RULE 26(F) PLANNING MEETING**

Date Complaint Filed: February 9, 2022; Amended Complaint filed May 13, 2022.

Date Complaint Served: February 10, 2022

Date of Defendant's Appearance: February 24, 2022

      Pursuant to Fed. R. Civ. P. 16(b) and D. Conn. L. Civ. R. 16, a conference was held on

May 11, 2022. The participants were:

      <u>For Plaintiff</u>: Jamisen Etzel & Kenneth Held – Lynch Carpenter, LLP; Joseph P.

Guglielmo & Carey Alexander – Scott+Scott Attorneys at Law LLP

      <u>For Defendant(s)</u>: Dennis O. Brown – Gordon Rees Scully Mansukhani LLP; Earl B.

Austin & Sarah Reeves – Baker Botts L.L.P.; Mariellen Dugan – Calcagni Kanefsky LLP.

**I.     Certification**

      Undersigned counsel (after consultation with their clients) certify that: (a) they have

discussed the nature and basis of the parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case; and (b) they have developed the

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.  Subject Matter Jurisdiction

The court has federal question subject matter jurisdiction (28 U.S.C. § 1331) because Plaintiff alleges discrimination in violation of the Patient Protection and Affordable Care Act, 42 U.S.C. §18116(a).

### B.  Personal Jurisdiction

The Court has personal jurisdiction over Defendant Aetna Life Insurance Company it has its principal place of business in Hartford, Connecticut, and is a citizen of the State of Connecticut.

## III.     Brief Description of the Case

### A.  Claims of Plaintiff

Plaintiff Tara Kulwicki ("Plaintiff") brings this class action on behalf of herself and all similarly situated non-heterosexual individuals assigned female sex at birth, alleging that Defendant Aetna Life Insurance Company ("Defendant") violated Section 1557 of the Affordable Care Act. In 2021, Plaintiff—desiring to become pregnant, and enrolled in a plan issued and administered by Defendant (the "Plan")—submitted a request to Defendant for precertification to receive benefits for intrauterine insemination ("IUI"). Defendant denied Plaintiff's request and subsequent appeal, stating that Plaintiff had not evidenced that she was "infertile," as defined under Defendant's Plan documents (the Plan and the Clinical Policy Bulletin 0327).

Under the Plan, heterosexual individuals assigned female sex at birth have the option of showing that they meet the definition of "infertility" without paying out of pocket costs, whereas non-heterosexual individuals assigned female sex at birth are not given that option. Heterosexual policyholders can either represent to Defendant that they have engaged in unprotected heterosexual coitus without becoming pregnant for a defined period of time. Non-heterosexual individuals assigned female sex at birth are incapable of engaging in coitus by reason of their sexual orientation and may only qualify for infertility benefits under the Plan by showing they are "infertile" with evidence that they received (paying the out-of-pocket costs themselves) for infertility treatment and did not become pregnant.

### B.  Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:

Based on the facts known to Defendant at this time, Defendant asserts that Plaintiff has failed to join several necessary and indispensable parties, including the Wellstar Employee Medical Plan ("Wellstar Plan"), the health benefit plan at issue in this case, and its sponsor and administrator, Wellstar Health System, Inc. ("Wellstar Health").  The employer-sponsor funds and administers the plan, has final authority over the terms of the plan, and is responsible for payment of all benefits under the plan.  Aetna, the only defendant in this action, simply acted as the claims administrator, administering the plan at the sponsor's direction.  Similarly, Plaintiff also has failed to join the many plans and plan sponsors and administrators of the many other health benefit plans within the scope of her broad putative class.  Without either the plans or the plan sponsors and administrators, the Court is unable to afford Plaintiff the relief she seeks, making the missing parties necessary and indispensable under Rule 19.

Plaintiff also lacks Article III standing for the relief she seeks because she is no longer a member of the Wellstar Plan.  Plaintiff asserts no cause of action under the Employee Retirement

Income Security Act of 1974 ("ERISA") that would support an award of benefits under the Plan. Instead, she asks the Court to rewrite the terms of the Plan to require the benefits coverage she demands. But Plaintiff has no present or future rights under the Plan and thus lacks the forward-looking concrete interest in the outcome of this litigation that Article III requires. Any declaratory relief affecting the way Aetna administers the Wellstar Plan would have no effect on Plaintiff, and the injuries she alleges are not likely to be redressed by a favorable decision of the Court.

Plaintiff also cannot establish the requirements for certification of a class pursuant to Rule 23. Defendant also objects to the putative class definition set forth in Plaintiff's amended complaint as overbroad and inconsistent with the requirements of Rule 23.

Finally, the terms of the infertility benefit that Plaintiff challenges here were adopted, not by Defendant, but rather by the self-funding sponsor of the Wellstar Plan. Aetna acted solely as the claims administrator under that Plan. Aetna denies that the provisions of Section 1557 of the Affordable Care Act are applicable to Aetna, in its capacity as claims administrator of the Wellstar Plan or in any other capacity as issue in this action. In any event, neither the Plan nor any policy or practice of Aetna is discriminatory or otherwise violative of Section 1557 of the Affordable Care Act or any other applicable law or regulation.

Defendant reserves the right to amend or supplement these defenses as additional facts are developed through discovery.

### C.  Defenses and Claims of Third Party Defendants:

Not applicable at this time.

IV.     **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.      Plaintiff Tara Kulwicki is a citizen of the State of Georgia, and at all relevant times was over the age of 35.

2.      Plaintiff is a homosexual woman assigned female sex at birth.

3.      Plaintiff was employed by an affiliate of Wellstar Health System, Inc. in Atlanta, GA beginning in February 2019.

4.      From February 2019 until November 2021, Plaintiff was enrolled in an ERISA-governed employee health benefit plan sponsored and self-funded by Wellstar Health System, Inc. (the "Wellstar Plan").

5.      Plaintiff's coverage under the Wellstar Plan ended on November 30, 2021 and she is not currently a member of the Wellstar Plan.

V.      **Case Management Plan:**

**A.  Initial Disclosures**

Initial disclosures will be served by: June 17, 2022.

**B.  Scheduling Conference**

1.      The parties do not request to be excused from holding a pretrial with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C.  Early Settlement Conference

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, but the parties have discussed the possibility of attempting a mediation session with private, third-party neutral, after the resolution of initial dispositive motions.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference, when such a conference is held, with a qualified private mediator.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time, but may request a referral to private nonbinding mediation at some point after the resolution of initial dispositive motions.

### D.  Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff should be allowed until September 16, 2022 to file motions to join additional parties and until September 16, 2022 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      Defendant's motion to dismiss the original complaint has been mooted by Plaintiff's filing of an amended complaint on May 13, 2020. Defendant anticipates filing a motion to dismiss Plaintiff's amended complaint, which Defendant will file by June 3, 2022.  If Defendant's motion is denied in whole or in part, Defendant shall file an answer within 21 days

of the Court's order. Defendant should be allowed until September 16, 2022 to file motions to join additional parties. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E.  Discovery

a.       Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's Position:**

Discovery regarding Plaintiff's claim in her individual capacity should be relatively simple and straightforward, as most of the pertinent facts will be undisputed, and a significant number of key facts and events are already well-documented. Some third-party discovery regarding Plaintiff's former employer Wellstar may be required in order to resolve defenses raised by Defendant regarding their position that Wellstar is a necessary party.[1]

The majority of the parties' focus during discovery will likely relate to evidence bearing on class certification and damages issues. The scope of Plaintiff's proposed class action will include individuals subjected to the same discrimination stemming from participation in other plans administered by Aetna. The parties will need to ascertain the number of such plans and individuals subject to them during the class period. Plaintiff also anticipates that the parties will

---

[1]       The parties discussed how the schedule proposed herein may need to be modified to the extent additional third-party discovery from absent plans, plan sponsors, or administrators is sought.

need to determine the number of individuals within the class who sought infertility treatments and were denied, along with their resulting damages.

Counsel for the parties discussed during the planning meeting that such discovery may be complex and involve significant production requirements from both Defendant and a number of third parties. The case will also likely require involvement of expert witnesses. When discovery commences, Plaintiff's counsel will endeavor to work cooperatively with Defendant to develop strategies to conduct this discovery as reasonably and efficiently as possible in light of the nature of the case.

The parties also agreed that document discovery will be primarily (if not exclusively) electronic, and as such, the parties agreed to negotiate an agreed-upon ESI protocol as soon as practicable, and in any event by no later than June 10, 2022.

                    **Defendant's Position (if different):**

The putative class Plaintiff proposes potentially could encompass thousands of health benefit plans administered by Aetna, including thousands of plans, like the Wellstar Plan, that are self-funded by the employer-sponsor and for which Aetna has no substantive control and which have varying provisions with regard the eligibility for and scope of infertility coverage. Defendant objects to wide-ranging discovery concerning these many plans unless and until Plaintiff establishes Article III standing for the claims she asserts as to the Wellstar Plan, of which she is no longer a member.

            **b.**        The parties anticipate that discovery will be needed on the following subjects:

**Plaintiff's Position:**

i)      Plaintiff's dates of employment with Wellstar Health System, her enrollment in the Plan, her status as member of a protected class, and her unsuccessful efforts to obtain infertility benefits under the plan, including her correspondences with Defendant regarding same, and her resulting damages.

ii)     The relationship between Defendant and Plaintiff's former employer, Wellstar Health, and its related entities, to the extent development of such facts is necessary to resolve any of Defendant's asserted defenses relating to that issue;

iii)    Facts regarding the history of the benefit design of the Plan, including the origins of the pertinent terms that Plaintiff alleges are discriminatory, Defendant's  role in drafting the terms, the same with respect to Defendant's  "Infertility" Clinical Policy Bulletin;

iv)     Defendant's rationales/justifications for adopting such terms, to the extent Defendant intends to rely on such facts to support any defense;

v)      Other plans administered by Defendant that result in the same form of discrimination alleged by Plaintiff, including information regarding Defendant's role with respect to other plans and plan sponsors, so as to permit determination of the proper scope of the class.

vi)     Information regarding membership of the proposed class, including the number of eligible individuals subjected to Defendant's  allegedly discriminatory health insurance plans during the class period;

vii)    Additional information pertinent to potential class damages, including, e.g., the number of claims for infertility treatments made by those similarly situated to Plaintiff, out of

pocket costs paid by such persons for infertility treatments after being denied coverage, and expert opinions that may assist in estimating class damages.

**Defendant's Position:**

i)      Plaintiff's dates of employment with Wellstar Health System, her enrollment in the Plan, and her claim for infertility benefits under the plan.

ii)      The relationship between Defendant and Plaintiff's former employer, Wellstar Health, and its related entities, to the extent development of such facts is necessary to resolve any of Defendant's asserted defenses relating to that issue.

iii)      Facts regarding the history of the benefit design of the Plan, including the origins of the pertinent terms that Plaintiff alleges are discriminatory.

iv)      Facts establishing that neither the infertility policy about which Plaintiff complains nor any other Aetna policy relevant to the claims in this matter is discriminatory or otherwise violative of Section 1557 of the Affordable Care Act or any other applicable law or regulation.

iv)      Facts pertaining to Plaintiff's alleged damages.


c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 17, 2022, and completed (not propounded) by March 31, 2023.

d.      Discovery will not be conducted in phases.

e.      If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by. N/A.

**f.**     The parties anticipate that Plaintiff will require a total of 10 depositions of Defendants' fact witnesses. Plaintiff anticipates that some depositions of third-party witnesses may be necessary, but at this time Plaintiff does not have a precise estimate of the number. Defendant anticipates that it will require a total of __ depositions of fact witnesses. The depositions will be completed by March 31, 2023.

**g.**     The parties will not request permission to serve more than 25 interrogatories, unless an unforeseen need arises.

**h.**     Plaintiffs intend to call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

**i.**     Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by November 15, 2022.  Depositions of such experts will be completed by December 16, 2022.

**j.**     Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by February 17, 2023.  Depositions of such experts will be completed by March 31, 2023.

**k.**     A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 15, 2022.

**l.**     Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up, and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored

information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: **The parties agreed during their conference that it would be prudent in this case to negotiate and execute a complete ESI protocol to govern these issues. The parties will submit a proposed ESI protocol to the Court for approval by June 10, 2022.**

      **m.**      Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure, and management of such information: **The parties discussed during their conference that non-electronic discovery will likely be minimal or nonexistent in this case, and do not believe any specific procedures need to be negotiated beyond the governing provisions of the Federal Rules of Civil Procedure.**

      **n.**      Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: The parties will negotiate and prepare a proposed Fed. R. Evid. 502(d) order, or a proposed protective order addressing Fed. R. Evid. 502(d), and submit it to the Court by June 10, 2022.

### F.  Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case:

Plaintiff shall file her motion for class certification by April 28, 2023. Defendant shall file its response in opposition by June 2, 2023, or no later than thirty days from the date of Plaintiff's motion if Plaintiff files before April 28, 2023. Plaintiff shall file a reply in support of class no later than fourteen days after Defendant's response in opposition.

### G.  Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before July 28, 2023.

### H.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 13, 2023.

### VI.    Trial Readiness

The case will be ready for trial by November 17, 2023.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: May 23, 2022                    Submitted by:

<table>
<tr><td>

*/s/ Gary F. Lynch*
Gary F. Lynch
Jamisen Etzel
**LYNCH CARPENTER, LLP**
1133 Penn Ave
Pittsburgh, PA 15232
Tel:    (412) 322-9243
Fax:    (412) 231-0246
gary@lcllp.com
jamisen@lcllp.com

</td><td>

*/s/ Dennis O. Brown (w/consent)*
Dennis O. Brown (ct04598)
**Gordon Rees Scully Mansukhani LLP**
95 Glastonbury Blvd, Suite 206
Glastonbury, Connecticut 06033
Tel.: (860) 278-7448
Fax: (860) 560-0185
dbrown@grsm.com

Earl B. Austin

</td></tr>
</table>

Joseph P. Guglielmo
Carey Alexander
**SCOTT+SCOTT ATTORNEYS AT
LAW LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com


**THE FINLEY FIRM**
MaryBeth V. Gibson
MGibson@thefinleyfirm.com
Piedmont Center
3535 Piedmont Center
Building 14, Suite 230
Atlanta, GA 30305
Tel:     (404) 978-6971
Fax:     (404) 320-9978

*Counsel for Plaintiff and the putative Class*

**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 408-2500

Mariellen Dugan
**CALCAGNI & KANEFSKY LLP**
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, New Jersey 07102
Tel.: 862-397-1796
mdugan@ck-litigation.com

*Attorneys for Defendant*
*Aetna Life Insurance Company*