IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

TARA KULWICKI, on behalf of herself and all others similarly situated,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

Case No. 3:22-cv-299

**JOINT AGREED MOTION TO STAY CASE AND DISCOVERY**

Plaintiff Tara Kulwicki ("Plaintiff") and Defendant Aetna Life Insurance Company ("Aetna") (collectively, the "Parties"), jointly move pursuant to Fed. R. Civ. P. 26 and the Court's inherent authority, to stay this case and all proceedings and/or deadlines, including all discovery and requirements imposed under Fed. R. Civ. P. 16 and 26 and/or the Local Rules for the United States District Court for the District of Connecticut until 30 days following the Court's ruling on Aetna's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 12(b)(7). In support of this motion, the Parties state as follows:

1. Plaintiff initiated this action on February 9, 2022 (ECF No. 1). On May 13, 2022, Plaintiff filed an Amended Complaint (ECF No. 42).

2. On June 3, 2022, Aetna filed a Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure. (ECF No. 50.) Plaintiff then filed her Memorandum in Opposition to Aetna's Motion to Dismiss on July 1, 2022. (ECF No. 55.) Aetna filed its Reply brief on July 15, 2022. (ECF No. 56.) The motion is fully briefed, and the Parties await the Court's decision on Aetna's motion.

3. On May 23, 2022, the Parties filed their Rule 26 Report. (ECF No. 45.)

4. On May 24, 2022, the Court entered the operative scheduling order. (ECF No. 46.)

5. The Parties have engaged in initial discovery. On August 9, 2022, Plaintiff served Aetna with initial discovery requests. On September 8, 2022, Aetna provided its Responses and Objections, including a production of documents. Aetna served its First Requests for Production and Interrogatories on September 28, 2022. On November 8, 2022, Plaintiff served her Responses and Objections, including an additional production of documents. On July 22, 2022, Plaintiff sent Aetna a draft ESI Protocol. Aetna provided an alternate ESI Protocol on September 1, 2022. On October 10, 2022, the Parties met and conferred. On October 12, 2022, Plaintiff provided edits to Aetna's proposed ESI Protocol.

6. On December 5, 2020, the Parties met and conferred in an effort to determine whether there were any mutually agreeable methods for proceeding with efficient and proportional document collection and production while Aetna's motion to dismiss remains pending. The Parties identified several "action items" to complete and have been making progress on those items.

7. While the Parties are optimistic that these action items will lead to more substantive progress in discovery, the Parties are still working on these items. Even when complete, these next steps are not likely to be sufficient for the Parties to meet all of the current deadlines in the scheduling order. In addition, Plaintiff intends to move for class certification, but the operative schedule does not currently provide for either a class certification briefing schedule or for expert discovery specifically related to class certification. The Parties believe it would be productive, after resolution of the motion to dismiss, to restructure the schedule to more specifically provide for deadlines keyed to the class certification process. As discussed below, good cause exists to grant this motion.

8. "[A] court has discretion to stay discovery 'for good cause shown.'" *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-CV-1223 (VLB), 2016 WL 10490528, at *1 (D. Conn. Nov. 28, 2016) (referencing the court's discretion under Fed. R. Civ. P. 26(c)). Good cause to stay discovery exists when a party files a dispositive motion. *See, e.g.*, *id.* ("In some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery.") (internal marks omitted); *Boost Oxygen, LLC v. Rocket Oxygen*, No. 3:16-CV-01992 (VLB), 2017 WL 10768482, at *1 (D. Conn. Mar. 21, 2017) ("[A] discovery stay may be appropriate pending resolution of a potentially dispositive motion where the motion articulates 'substantial grounds' for dismissal or 'do[es] not appear to be without foundation in the law.'). "Where a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:20-CV-01393 (KAD), 2021 WL 6498259, at *2 (D. Conn. Mar. 16, 2021) (internal citation omitted). Here, these factors tip in favor of staying discovery during the pendency of Aetna's motion to dismiss.

9. While the Parties disagree as to the merits of Plaintiff's claims, Aetna's motion to dismiss arguments are substantive and not unfounded in the law. Specifically, Aetna argues, *inter alia*, that Plaintiff's Complaint should be dismissed pursuant to (1) Fed. R. Civ. P. 12(b)(7) because she failed to join plans, plan sponsors, and plan administrators as necessary and indispensable parties; and (2) Fed. R. Civ. P. 12(b)(1) because she does not have Article III standing to pursue the relief sought. (ECF No. 50.) Plaintiff opposes Aetna's motion, arguing, *inter alia*, that (1) Aetna is the only necessary party to adjudicate the claim and award damages pursuant to the Affordable Care Act; and (2) Plaintiff meets Article III standing because she suffered concrete

financial losses. (ECF No. 55 at 7, 17.) Without presuming how the Court will rule on the Parties' respective arguments, Aetna has set forth a substantive dispositive motion not unfounded in the law. The Court's ruling on any of these arguments will drastically impact the scope of discovery. Specifically, if the Court were to grant Aetna's motion to dismiss on the grounds that Plaintiff lacks Article III standing, discovery would be unnecessary; while if the Court were to grant Aetna's motion on the grounds that additional parties are necessary, the entire focus of the case would shift. Accordingly, this factor weighs in favor of granting a stay of discovery.

10. The potential cost and burden of discovery also weigh in favor of a stay. The extensive scope of discovery in a class action can be particularly costly and burdensome. Class actions require not only extensive fact discovery, but often expert discovery. A stay of discovery will limit the time and expense involved in conducting and litigating expansive discovery. This is particularly true where, as here, "the motion to dismiss could significantly narrow, if not eliminate, the issues in this case [and] proceeding with discovery would waste the parties' resources and constitute an undue burden." *HAHA Glob., Inc. v. Barclays, No. 1:19-CV-04749* (VEC)(SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (quotation marks omitted). As such, the breadth of contemplated and burdensome discovery likewise weighs in favor of a stay.

11. The Parties will not suffer prejudice from a temporary stay of discovery given this case is still in the early stages of the litigation and there is no compelling need for immediate discovery. *See In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) ("It is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future; therefore, plaintiffs are not unduly delayed if discovery is stayed for what is expected to be a relatively short period of time"). Moreover, "a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat

a motion to stay discovery." *Campanelli v. Flagstar Bancorp, Inc.*, No. 1:19-cv-07299, 2019 U.S. Dist. LEXIS 211740, at *5 (S.D.N.Y. Dec. 5, 2019) (citation omitted). This factor also weighs in favor of a stay.

WHEREFORE, the Parties respectfully request this Court issue an order staying this case, including all discovery, the case management deadlines, and all other case-related obligations in this matter, until thirty (30) days after this Court issues its ruling on Aetna's motion to dismiss filed on June 3, 2022.

Dated: January 6, 2023

*<u>/s/ Earl B. Austin</u>*
Earl B. Austin
Sarah E. Reeves
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Suite 900
Dallas, TX 75201-2980
Tel: (212) 408-2500
earl.austin@bakerbotts.com
sarah.reeves@bakerbotts.com

Dennis O. Brown (ct04598)
Greil Roberts
**GORDON REES SCULLY MANSUKHANI LLP**
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
Tel: (860) 278-7448
Fax: (860) 560-0185
dbrown@grsm.com
groberts@grsm.com

Mariellen Dugan
**CALCAGNI & KANEFSKY LLP**
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, NJ 07102
Tel: (862) 397-1796

Respectfully submitted,

*<u>/s/ Jamisen A. Etzel</u>*
Gary F. Lynch
Jamisen A. Etzel
Kenneth A. Held
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
P: (412) 322-9243
F: (412) 231-0246
gary@lcllp.com
jamisen@lcllp.com
ken@lcllp.com

Joseph P. Guglielmo
Erin Green Comite
Carey Alexander
Amanda M. Rolon
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
P: (212) 223-4478
jguglielmo@scott-scott.com
ecomite@scott-scott.com
calexander@scott-scott.com
arolon@scott-scott.com

Colleen E. Ramage

mdugan@ck-litigation.com

***Attorneys for Defendant***

**RAMAGE LYKOS, LLC**
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Tel: (412) 325-7700
Fax: (412) 325-7755
cramage@ramagelykos.law

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road NE
Piedmont Center
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
P: (404)-320-9979
mgibson@thefinleyfirm.com

***Attorneys for Plaintiff***