IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>     PLAINTIFF,<br><br>V.<br><br>AETNA LIFE INSURANCE COMPANY<br><br>     DEFENDANT. | Case No. 3:22-CV-00229 (RNC) |

**JOINT STATUS REPORT**

Plaintiff Tara Kulwicki ("Plaintiff") and Defendant Aetna Life Insurance Company ("Defendant") (collectively, the "Parties") respectfully submit this Joint Status Report pursuant to the Court's Scheduling Order dated May 24, 2022 (ECF No. 54).

**I. The Status of the Case**

  **A. Pending or Anticipated Motions**

Plaintiff filed her Amended Complaint on May 13, 2022 (ECF No. 42). On June 3, 2022, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure (ECF No. 50). Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Dismiss on July 1, 2022 (ECF No. 55). Defendant filed its Reply brief on July 15, 2022 (ECF No. 56). The Parties await the Court's decision on Defendant's Motion.

On January 6, 2023, the Parties filed a "Joint Agreed Motion to Stay Case and Discovery," (ECF No. 70), requesting that the Court stay the deadlines in the current scheduling order until the resolution of Defendant's pending motion to dismiss. The Parties explained that they were in the

process of meeting and conferring with respect to methods by which they could make progress in discovery in an efficient and proportional manner while the motion to dismiss is pending, but that they did not believe they could meet all of the deadlines in the current scheduling order. *Id.* at 2–4, ¶¶ 5–10.  The Parties also noted that the current scheduling order does not provide for a class certification briefing schedule or for expert discovery specifically related to class certification, and that the Parties believe it would be productive to restructure the schedule after the motion to dismiss is resolved in order to more specifically provide for deadlines keyed to the class certification process. *Id.* at 2 ¶ 7.  The Court has not yet ruled on the motion to stay.

On February 9, 2023, Plaintiff filed a motion (with Defendant's consent) requesting a status conference to discuss scheduling issues with the Court.  The Court has not yet ruled on that motion or scheduled a status conference.

### B. Circumstances Potentially Interfering with the Parties' Compliance with the Scheduling Order

As explained in the Parties' previous status report (ECF No. 69 at 1–2) and their motion for a stay of the current scheduling order (ECF No. 70), below, the Parties' progress in discovery to date has been incremental (and continues to be so), but the Parties believe such progress is not sufficient for the Parties to realistically meet all of the current case deadlines. In addition to uncertainties and disagreements regarding the most cost-effective and proportionate ways to conduct discovery during the pendency of the motion to dismiss, the Parties also had several disputes regarding the scope of Plaintiffs' discovery requests, the terms of the ESI Protocol, and the most efficient way for Aetna to conduct searches of its systems that are likely to yield responsive documents.

In an effort to remain diligent and comply with the current scheduling order as best as possible, the Parties have resolved or narrowed several of their disputes through ongoing

discussions and conferences, and through a discovery conference with Magistrate Judge Vatti on March 15, 2023 (regarding the ESI Protocol). Nevertheless, the time it has taken to work through these issues has put the Parties behind schedule, and they do not believe they are on target to complete discovery by June 29, 2023.

    **C.**    **Discovery to Date, Including How Many Depositions Each Party Has Taken and the Specific Discovery That Remains to be Completed**

    1.    On June 17, 2022, the Parties exchanged the disclosures required by Fed. R. Civ. P. 26(a)(1). Plaintiff's initial document production accompanied Plaintiff's initial disclosures.

    2.    On July 22, 2022, Plaintiff sent Defendant her proposed ESI Protocol and 502(d) Order for Defendant's review. On September 1, 2022, Defendant sent an alternative proposed ESI Protocol for Plaintiff's review. The Parties first met and conferred regarding the protocol on October 10, 2022, and Plaintiff circulated a revised proposal on October 12, 2022. The Parties discussed the ESI Protocol again at their December 5, 2022 meeting. The Parties ultimately reached an impasse regarding certain provisions, and requested a discovery conference with the Court, which was conducted on March 15, 2023 with Magistrate Judge Vatti. The Parties are in the process of finalizing edits to their ESI Protocol to conform with the Court's order on March 15, 2023. (ECF No. 78).

    3.    Plaintiff served her First Set of Discovery Requests on Defendant on August 9, 2022. On September 8, 2022, Defendant served on Plaintiff its Responses and Objections to Plaintiff's First Set of Discovery Requests, including Defendant's first production of documents. The Parties held a meet and confer on December 5, 2022 to discuss the ESI protocol and Defendant's objections and responses to Plaintiff's first set of interrogatories and requests for production of documents. The Parties have held further conferences on February 3, 15, March 2, 9, and 30 of this year. In part as a result of these conferences, Aetna has made additional document

productions on February 23, March 3, and March 17. As of the Parties' last conference on March 30, Aetna is in the process of preparing to search one of its data systems for an initial set of results that may be inclusive of potential class members.

4. Aetna served its First Requests for Production and Interrogatories on September 28, 2022. On November 8, 2022, Plaintiff served her Responses and Objections, including an additional production of documents.

5. The Parties have not yet taken any depositions to date or served any expert reports.

## II. The Parties' Interest in Referral for Settlement Purposes to a United States Magistrate Judge or the District Court's Special Master's Program

The Parties respectfully do not request referral for settlement purposes to a United States Magistrate Judge or to the District Court's Special Master's Program. The Parties may request a referral to private nonbinding mediation at some point after the resolution of initial dispositive motions. The current scheduling order contemplates that a "settlement conference will be scheduled for the month of July 2023," (ECF No. 65), but that date has not yet been set by the Court.

## III. Whether the Parties Will Consent to Either a Jury Trial or a Bench Trial Before a Magistrate Judge

The Parties respectfully do not consent to proceed before a United States Magistrate Judge for either a bench or jury trial.

## IV. The Estimated Length of Trial

The Parties currently anticipate that a trial of Plaintiff's claims will take between one and three weeks.

Dated: April 6, 2023                                    Respectfully submitted,

*/s/ Earl B. Austin*                                     */s/ Jamisen A. Etzel*
Earl B. Austin                                              Gary F. Lynch

Sarah E. Reeves
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Suite 900
Dallas, TX 75201-2980
Tel: (212) 408-2500
earl.austin@bakerbotts.com
sarah.reeves@bakerbotts.com

Dennis O. Brown (ct04598)
Greil Roberts
**GORDON REES SCULLY MANSUKHANI LLP**
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
Tel:  (860) 278-7448
Fax: (860) 560-0185
dbrown@grsm.com
groberts@grsm.com

Mariellen Dugan
**CALCAGNI & KANEFSKY LLP**
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, NJ 07102
Tel: (862) 397-1796
mdugan@ck-litigation.com

*Attorneys for Defendant*

Jamisen A. Etzel
Kenneth A. Held
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
P:  (412) 322-9243
F:  (412) 231-0246
gary@lcllp.com
jamisen@lcllp.com
ken@lcllp.com

Joseph P. Guglielmo
Erin Green Comite
Carey Alexander
Amanda M. Rolon
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
P: (212) 223-4478
jguglielmo@scott-scott.com
ecomite@scott-scott.com
calexander@scott-scott.com
arolon@scott-scott.com

Colleen E. Ramage
**RAMAGE LYKOS, LLC**
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Tel:  (412) 325-7700
Fax: (412) 325-7755
cramage@ramagelykos.law

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road NE
Piedmont Center
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
P:  (404)-320-9979
mgibson@thefinleyfirm.com

*Attorneys for Plaintiff*