IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JUL 31 2023 PM3:13
FILED-USDC-CT-HARTFORD

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-CV-00229 (RNC)<br><br><br><br><br>July 28, 2023 |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

1. The proposed *amici curiae*, Autistic Self Advocacy Network, Autistic Women & Nonbinary Network, Professor Kevin Barry, Center for Health Law and Policy Innovation of Harvard Law School, Connecticut TransAdvocacy Coalition, Connecticut Women's Education and Legal Fund, Disability Rights Education and Defense Fund, Dr. AJ Eckert, GLBTQ Legal Advocates & Defenders, Lambda Legal Defense and Education Fund, Inc., PFLAG, Positive Women's Network-USA, and Transgender Legal Defense and Education Fund, through the undersigned counsel, respectfully request leave of this Court to file an *amicus curiae* brief in opposition to Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(7).

2. "[Federal] district courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966 (SRU), 2023 WL 1827734, at *1 (D. Conn. Jan. 25, 2023). Because "'[t]here is no governing standard,

1

rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court[,]' district courts have looked to Rule 29 of the Federal Rules of Appellate Procedure for guidance." *Id.* (quoting *Ross v. Mellekas*, No. 3:20cv319 (JBA), 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020)). Rule 29 instructs that *amici* "may file a brief only by leave of court or if the brief states that all parties have consented to its filing." *Id.* (quoting Fed. R. App. P. 29(a)).

3. Counsel for the Plaintiff consents to this motion. Counsel for the Defendant opposes this motion, however, asserting that the deadline for filing any *amicus* brief has passed. We disagree. Given that the Court specifically ordered supplemental briefing to address the question of prejudice to absent parties at the June 22, 2023, hearing, this brief will be timely filed—within seven days of Plaintiff's supplemental brief. But, in any event, "[a] court may grant leave for later filing, specifying the time within which an opposing party may answer." FED. R. APP. P. 29(a)(6).

4. Without the consent of both parties, "[a]n amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene or become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Kistler*, 2023 WL 1827734, at *1 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The proposed *amici* have an interest in the decision in the present case because they are legal and medical organizations and professionals engaged in advocacy for the transgender and gender diverse community, people capable of pregnancy, people living with HIV, AIDS, and other chronic illnesses, and people with disabilities, all of whom are severely impacted by discrimination in healthcare and who frequently rely on the protections provided under Section

2

1557 of the Affordable Care Act. Proposed *amici* can provide unique perspective on how the Court's decision in this case will affect parties outside of this litigation.

5. Further, as already noted, the Court specifically requested supplemental briefing at the June 22, 2023, hearing to address its ongoing concerns about the potential impact of a ruling on Aetna's motion. As the Court recognized, the issues in this case deserve close attention, and the proposed *amicus* brief will aid the Court's consideration. The proposed brief describes Section 1557's vital purpose as a tool to combat pervasive discrimination in health coverage, including in self-funded employer-sponsored health benefit plans administered by third-party claims administrators. The brief further explains the barriers to justice that injured parties would face if this Court issues a first-of-its-kind decision holding that employers are necessary parties in Section 1557 suits against insurance companies acting as third-party administrators of self-funded plans.

6. Generally, "'it is preferable to err on the side of granting leave [to file an *amicus* brief]' at the early stage of a case," such as when considering a motion to dismiss. *Id.* at *2. For these reasons, the Court should grant leave to file the attached brief *amicus curiae*.

Dated: July 28, 2023

Respectfully submitted,

*/s/ Emily Rock*

Emily Rock (CT Federal Bar No. 29766)
**SOLOMON CENTER FOR HEALTH LAW AND POLICY**
Yale Law School
127 Wall Street
New Haven, CT 06511
Telephone: (203) 787-8149
Email: emily.rock@yale.edu

Rebecca Peterson-Fisher (CA State Bar No. 255359)
**LIU PETERSON-FISHER LLP**

3

1204 Burlingame Ave., Suite 3
Burlingame, CA 94010
Telephone: (650) 461.9000
Facsimile: (650) 460.6967
Email: rpf@liupetersonfisher.com

4

## CERTIFICATION

I hereby certify that on this 28th day of July, 2023, a copy of the foregoing was filed by paper with the Clerk of the Court for the District of Connecticut at the Abraham A. Ribicoff Federal Building. A copy of the foregoing was also e-mailed to counsel for all parties.

*Emily Rock*
Emily Rock