IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-00229 (RNC)<br><br>August 4, 2023 |

**AETNA'S OPPOSITION TO MOTION FOR LEAVE
TO FILE *AMICUS CURIAE* BRIEF**

## **TABLE OF CONTENTS**

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT AND AUTHORITIES ..................................................................................... 2
   A.   Movants' motion for leave is untimely. ............................................................... 2

   B.   Movants' proposed *amicus curiae* brief is neither useful nor otherwise necessary to the administration of justice. ............................................................................... 3

CONCLUSION ........................................................................................................................ 5

LEGAL STANDARD ............................................................................................................... 1
ARGUMENT AND AUTHORITIES ..................................................................................... 2
   A.   Movants' motion for leave is untimely. ............................................................... 2

   B.   Movants' proposed *amicus curiae* brief is neither useful nor otherwise necessary to the administration of justice. ............................................................................... 3

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*C.P. by and through Pritchard v. Blue Cross Blue Shield of Ill.*,
  No. 3:20-cv-06145-RJB, 2022 WL 17788148 (W.D. Wash. Dec. 19, 2022)............................4

*Domnister v. Exclusive Ambulette, Inc.*,
  607 F.3d 84 (2d Cir. 2010)..................................................................................................4

*Gabriel Tech. Corp. v. Qualcomm Inc.*,
  No. 08CV1992 AJB (MDD), 2012 WL 849167 (S.D. Cal., Mar. 13, 2012).........................1, 4

*Kinnard v. Rogers Trucking*,
  176 F. Appx. 829 (9th Cir. 2006)...........................................................................................4

*Kistler v. Stanley Black & Decker, Inc.*,
  No. 3:22-cv-966 (SRU), 2023 WL 1827734 (D. Conn. Jan. 25, 2023)....................................2

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*,
  No. 94 Civ. 0436, 1995 WL 358777 (S.D.N.Y. June 14, 1995).................................................1

*Long v. Coast Resorts, Inc.*,
  49 F.Supp. 2d 1177 (D. Nev. 1999).........................................................................................1

*Nat'l Org. for Women, Inc. v. Scheidler*,
  223 F.3d 615 (7th Cir. 2000) ..................................................................................................1

*Ryan v. Commodity Futures Trading Comm'n*,
  125 F.3d 1062 (7th Cir. 1997) ............................................................................................1, 4

*S.E.C. v. Bear, Sterns & Co. Inc.*,
  No. 03-CV-2937 (WHP), 2003 WL 22000340 (S.D.N.Y. Aug. 25, 2003) ..........................3, 4

*United States v. Ahmed*,
  788 F.Supp. 196 (S.D.N.Y. 1992) .........................................................................................3

*United States v. El-Gabrowny*,
  844 F.Supp. 955 (S.D.N.Y. 1994) .........................................................................................3

*United States v. Gotti*,
  755 F.Supp. 1157 (E.D.N.Y. 1991) .......................................................................................1

*United States v. State of Mich.*,
  940 F.2d 143 (6th Cir. 1991) ................................................................................................1

**OTHER AUTHORITIES**

Fed. R. App. P. 29(a)(6) ............................................................................................................. 2

Defendant Aetna Life Insurance Company ("Aetna") submits this opposition to the Motion for Leave to File *Amicus Curiae* Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 103] filed herein by proposed *amici curiae* ("Movants").

## LEGAL STANDARD

"There is no inherent right to file an *amicus curiae* brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F.Supp. 2d 1177, 1178 (D. Nev. 1999). Rather, "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000).

Courts are particularly reluctant to permit *amicus curiae* briefing where "the parties are well represented and [] their counsel do not need supplemental assistance," *United States v. Gotti*, 755 F.Supp. 1157, 1164 (E.D.N.Y. 1991), and the proffered briefing "duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief," *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). *See also Gabriel Tech. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB (MDD), 2012 WL 849167, at *4 (S.D. Cal., Mar. 13, 2012) ("An *amicus* brief is meant to assist the court and not merely extend the length of the litigant's brief."); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) (denying *amici curiae* brief because the parties were already adequately and competently represented in the case).

Ultimately, permission to appear as an *amicus curiae* is a "privilege" and "depend[s] upon a finding that the proffered information of amicus is *timely, useful, or otherwise necessary to the administration of justice*." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (emphasis added).

The *amicus curiae* brief Movants propose here is neither timely nor useful. Rather, Movants merely offer arguments that are more than a year too late and that simply parrot arguments already set forth in the extensive briefing submitted by Plaintiff herself.

## ARGUMENT AND AUTHORITIES

### A.   Movants' motion for leave is untimely.

Movants acknowledge that, in considering the propriety of a motion for leave to file an amicus brief in a district court action, "district courts have looked to Rule 29 of the Federal Rules of Appellate Procedure for guidance." Motion for Leave to File *Amicus Curiae* Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 103] ("Motion") at ¶ 2 (citing *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966 (SRU), 2023 WL 1827734, at *1 (D. Conn. Jan. 25, 2023). Rule 29 provides:

> **Time for Filing.** An amicus curiae must file its brief, accompanied by a motion for filing when necessary, *no later than 7 days after the principal brief of the party being supported is filed*. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. A court may grant leave for later filing, specifying the time within which an opposing party may answer.

Fed. R. App. P. 29(a)(6) (emphasis added).

Movants here seek to file an *amicus curiae* brief in opposition to Aetna's motion to dismiss Plaintiff's amended complaint, which Aetna filed on June 3, 2022—more than a year ago. *See* Dkt. 50. Indeed, Aetna initially moved to dismiss Plaintiff's original complaint on April 1, 2022. *See* Dkt. 19. Plaintiff responded by filing an amended complaint on May 13, 2022, *see* Dkt. 42, but Plaintiff's amended complaint suffers from the same defects as her original complaint. In sum, the issues now before the Court are substantially the same as those Aetna raised in its first motion to dismiss well over a year ago.

2

In the meantime, the parties have fully briefed the issues material to Aetna's motion. Indeed, the parties collectively have submitted 100 pages of briefing on Aetna's pending motion.

Movants' request that the Court allow yet more briefing, well over a year after Aetna's initial motion raising the issues now before the Court. This request, which comes from third parties representing outside interests, is untimely and would only further complicate and delay the resolution of Aetna's motion. The Court should deny Movant's motion for leave as untimely.

**B.    Movants' proposed *amicus curiae* brief is neither useful nor otherwise necessary to the administration of justice.**

Movants' proffered brief, in addition to being untimely, offers no unique information beyond what the lawyers for the parties are able to provide. *See, e.g., S.E.C. v. Bear, Sterns & Co. Inc.*, No. 03-CV-2937 (WHP), 2003 WL 22000340, at *5 (S.D.N.Y. Aug. 25, 2003) (denying *amici curiae* status where movant offered no unique point of view not already expressed by parties); *United States v. El-Gabrowny*, 844 F.Supp. 955, 957 n.1 (S.D.N.Y. 1994) (finding the customary role of an *amicus* is to "aid the court and offer insights not available from the parties."). *See also United States v. Ahmed*, 788 F.Supp. 196, 198 n. 1 (S.D.N.Y. 1992) (denying *amicus* submission where the parties were already adequately represented).

To the contrary, Movants' proposed brief merely repeats arguments Plaintiff herself already makes in her own briefing. *Compare* Proposed Brief of *Amici Curiae* in Opposition to Motion to Dismiss ("Proposed Amicus Br.") [Dkt. 103-1] at 6-7 *with* Plaintiff's Supplemental Brief in Opposition to Aetna's Motion to Dismiss ("Pls Supplemental Br.") [Dkt. 102] at 6, 10 (Aetna has independent liability); Proposed Amicus Br. at 7, 14-15 *with* Pls Supplemental Br. at 22-24 (potential impact on third parties); Proposed Amicus Br. at 6, 12-13 *with* Pls. Supplemental Br. at 14-16 (Wellstar is not a necessary party under 1557). Indeed, both briefs rely on the same

3

case law. *Compare* Proposed Amicus Br. at 5, 7, 13 *with* Pls Supplemental Br. at 6-8, 10-11 (*citing C.P. by and through Pritchard v. Blue Cross Blue Shield of Ill.*, No. 3:20-cv-06145-RJB, 2022 WL 17788148 (W.D. Wash. Dec. 19, 2022); Proposed Amicus Br. at 7 *with* Pls Supplemental Br. at 19 (*citing Domnister v. Exclusive Ambulette, Inc.,* 607 F.3d 84 (2d Cir. 2010)). The briefs even mimic each other's language. *Compare* Proposed Amicus Br. at 14 ("Moreover, for employees whose employers do not know they are transgender, pregnant, HIV-positive, or disabled, being forced to sue their employers also entails exposure that could lead to discrimination[.]") *with* Pls Supplemental Br. at 23 ("Individuals may be unwilling to file suit against their employer due to fear of retaliation or concern about disclosing personal health information—particularly information that might reveal one's pregnancy status (or intention to become pregnant), sexual orientation, gender identity, HIV status, or other protected status."); Proposed Amicus Br. at 11 ("Sixty-five percent of workers are covered by self-funded employer-sponsored health plans[.]") *with* Pls Supplemental Br. at 2 ("Particularly given that 65% of workers are covered by employer-sponsored health plans . . . .").

Leave should be denied where, as here, the proposed *amicus curiae* "raise[s] the same points already raised in [a party's] briefs." *Kinnard v. Rogers Trucking*, 176 F. Appx. 829, 830 (9th Cir. 2006); *see also S.E.C. v. Bear, Sterns & Co. Inc.*, 2003 WL 22000340, at *5. Indeed, amicus briefs that merely "duplicate the arguments made in the litigants' briefs" are "an abuse" because they "in effect merely extend the length of the litigant's brief." *Ryan*, 125 F.3d at 1063; *see also Gabriel,* 2012 WL 849167, at *4 (same).

Movants are non-party, outside advocacy groups who seek to emphasize and repeat the same arguments Plaintiff herself has already ably presented to the Court. Furthermore, allowing the filing at this late date would have the effect of unjustly enlarging the briefing page limit for

4

one side after briefing has already been concluded.  The Court should deny Movant's motion for leave because the proposed *amicus curiae* brief is neither useful nor necessary and would only needlessly delay the resolution of Aetna's pending motion.

## CONCLUSION

For the foregoing reasons, Aetna respectfully requests that the Court deny the Motion for Leave to File *Amicus Curiae* Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 103].

In the alternative, if the Court is inclined to permit the filing of the proposed *amicus curiae* brief, then Aetna requests an opportunity to file a brief in response.

Dated at Glastonbury, Connecticut this 4th day of August, 2023.

>  */s/ Dennis O. Brown*
> Dennis O. Brown (ct04598)
> Gordon Rees Scully Mansukhani LLP
> 95 Glastonbury Blvd, Suite 206
> Glastonbury, Connecticut 06033
> Tel.: (860) 278-7448
> Fax: (860) 560-0185
> dbrown@grsm.com
>
> Earl B. Austin
> Sarah Reeves
> BAKER BOTTS L.L.P.
> 30 Rockefeller Plaza
> New York, New York 10112
> Tel.: (212) 408-2500
>
> Mariellen Dugan
> CALCAGNI & KANEFSKY LLP
> One Newark Center
> 1085 Raymond Boulevard, 14th Floor
> Newark, New Jersey 07102
> Tel.: 862-397-1796
> mdugan@ck-litigation.com
>
> *Attorneys for Aetna Life Insurance Company*

## **CERTIFICATION**

I hereby certify that on this 4th day of August, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

*/s/ Dennis O. Brown*
Dennis O. Brown
