UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
TARA KULWICKI,                                                     :
                                                                   :     **MEMORANDUM &**
                            Plaintiff,                     :     **ORDER GRANTING IN**
                                                                   :     **PART AND DENYING IN**
      -against-                                                   :     **PART DEFENDANT'S**
                                                                   :     **MOTION TO DISMISS**
AETNA LIFE INSURANCE COMPANY,                                      :
                                                                   :     3:22-CV-00229 (VDO)
                            Defendant.                     :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Tara Kulwicki brings this putative class action against Defendant Aetna Life Insurance Company ("Defendant" or "Aetna"), alleging that Aetna violated the anti-discrimination provisions of the Patient Protection and Affordable Care Act ("ACA") when it denied her claim for infertility benefits under her employer-sponsored health insurance plan. Aetna moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7), arguing that Plaintiff lacks Article III standing and has failed to join certain necessary and indispensable parties, namely, Plaintiff's employer and the employers of the class members.

For the reasons discussed below, Aetna's motion to dismiss is **granted in part** and **denied in part**.

**I.     BACKGROUND**

The Court assumes the truth of the factual allegations in the Amended Complaint and relies on the documents setting forth the terms of Plaintiff's health plan (the "Plan

Documents") for the purposes of deciding Defendant's motion.[1] Plaintiff Tara Kulwicki is a forty-year-old homosexual woman. (Am. Compl., ECF No. 42, ¶ 21.) Plaintiff alleges that she was employed by the Wellstar Health System ("Wellstar Health") in Atlanta, Georgia and was enrolled in its Employee Medical Plan (the "Plan"), which was administered by Aetna. (*Id.* ¶¶ 5, 8.) Plaintiff further claims that Aetna drafted and designed the pertinent terms of the Plan, and that Aetna is subject to the ACA because it received federal funding. (*Id.* ¶¶ 6, 8.)

In 2021, Plaintiff sought to become pregnant and start a family. (*Id.* ¶ 43.) She submitted a request to Defendant for precertification to receive benefits for intrauterine insemination ("IUI"), which Defendant denied because she did not meet the definition of "infertile" under the Plan. (*Id.* ¶¶ 43–44.) Plaintiff argues that the Plan's infertility policy discriminates on the basis of sexual orientation by denying non-heterosexual individuals the option to demonstrate infertility without incurring out-of-pocket costs under the Plan. (*Id.* ¶ 15.) Specifically, Plaintiff contends that Defendant's infertility policy is discriminatory because "Plaintiff and other non-heterosexual individuals assigned female at birth can only qualify for [infertility] benefits by first paying for [such benefits] for the requisite number of months (based upon their age)." (*Id.* ¶ 36.)

"Infertility" is defined under the Plan as:

For a woman who is under 35 years of age: 1 year or more of timed, unprotected coitus, or 12 cycles of artificial insemination; or [f]or a woman who is 35 years of age or older: 6 months or more of timed, unprotected coitus, or 6 cycles of artificial insemination.

---

[1] In ruling on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), the Court may consider evidence outside of the pleadings. *Kamen v. Am. Tel. & Tel. Co.*, 791 F. 2d 1006, 1011 (2d Cir. 1986); *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 507 n.9 (D. Conn. 2013).

(*Id.* ¶ 28.) Further, Defendant's Clinical Policy Bulletin on Infertility states:

> For purposes of this policy, a member is considered infertile if he or she is unable to conceive or produce conception after 1 year of frequent, unprotected heterosexual sexual intercourse, or 6 months of frequent, unprotected heterosexual sexual intercourse if the female partner is 35 years of age or older. Alternately, a woman without a male partner may be considered infertile if she is unable to conceive or produce conception after at least 12 cycles of donor insemination (6 cycles for women 35 years of age or older).

(*Id.* ¶ 48.)

According to Plaintiff, Defendant's Plan and infertility policy provide heterosexual female members with a choice as to how they can establish that they are "infertile," whereas non-heterosexual females cannot demonstrate infertility through intercourse and must do so through proof of six or twelve cycles of donor insemination. (*Id.* ¶¶ 33, 35, 36.) Therefore, "Plaintiff and other similarly situated individuals are forced to pay thousands of dollars in out-of-pocket costs for IUI in order to qualify as 'infertile'" under Defendant's Plan. (*Id.* ¶ 38.)

Plaintiff raises three causes of action against Defendant—(1) disparate treatment discrimination under Section 1557 of the ACA, (2) disparate impact discrimination under Section 1557 of the ACA, and (3) declaratory judgment—and seeks compensatory damages for costs incurred for infertility treatments, punitive damages, and declaratory relief. (*Id.* ¶¶ 74, 86, 91.)

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,'" such as when "the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal citations

omitted). "The plaintiff bears the burden of 'alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue.'" *Id.* (internal citations omitted). "[S]tanding cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" *Martinez v. Malloy*, 350 F. Supp. 3d 74, 84 (D. Conn. 2018) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 232 (1990)).

In considering a Rule 12(b)(1) motion to dismiss for lack of standing, courts in this Circuit construe "the complaint in [the] plaintiff's favor and accept as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012); *see also Wiltzius v. Town of New Milford*, 453 F. Supp. 2d 421, 429 (D. Conn. 2006). But "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

B.  Rule 12(b)(7)

"Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a motion to dismiss for failure to join a party under Rule 19," which governs joinder of persons needed for just adjudication. *Melgares v. Sikorsky Aircraft Corp.*, 613 F. Supp. 2d 231, 252 (D. Conn. 2009) (internal quotation marks omitted). "Upon review of a Rule 12(b)(7) motion, like any motion under Rules 12(b) or 12(c) a court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Quinn v. Fishkin*, 117 F. Supp. 3d 134, 139 (D. Conn. 2015) (internal citation and quotation marks omitted). Moreover, the "court can deny the motion when there is insufficient or contradictory evidence concerning whether a party is a necessary party within the meaning of Rule 19(a)." *Id.* (internal citation omitted).

## III. DISCUSSION

Defendant moves to dismiss the Amended Complaint under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(7) for failure to join an indispensable party.[2] The Court grants in part and denies in part Defendant's 12(b)(1) motion, and denies its 12(b)(7) motion in its entirety.

### A. Defendant's 12(b)(1) Motion

Defendant argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing to request the relief she seeks as she no longer is a member of the Plan. (Def. Mem., ECF No. 50-1, at 27-32.) In opposition, Plaintiff claims that she has "alleged physical and financial injury from Defendant's discrimination" to establish standing for all three claims. (Pl. Opp. at 24.) The Court agrees in part with both parties and finds that Plaintiff has demonstrated standing with respect to Counts I and II, but lacks standing with respect to Count III, which seeks declaratory relief for which Plaintiff has failed to demonstrate the requisite potential prospective harm.

To establish Article III standing, a plaintiff must plead—for each claim and for each form of relief sought—that (1) she has suffered or is imminently threatened with a concrete and particularized injury-in-fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that is likely to be redressed by the requested relief. *TransUnion LLC v.*

---

[2] Defendant also states in its motion that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) to extent it asks the Court to award benefits that would be subject to ERISA. (Def. Mot., ECF No. 50, at 2 n.2). However, Plaintiff's opposition makes clear that she "does *not* seek to recover benefits under the Medical Plan." (Pl. Opp., ECF No. 55, at 13 (emphasis in original).) Given this clarification, Defendant appears to abandon this argument on reply. Regardless, because Defendant does not brief this theory, the Court does not address it here.

5

*Ramirez*, 594 U.S. 413, 423 (2021); *Soule v. Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34, 45 (2d Cir. 2023) (en banc).

### 1. Counts I and II

In Counts I and II of the Amended Complaint, Plaintiff requests (1) compensatory damages for the out-of-pocket costs she incurred due to Defendant's denial of her request for IUI coverage and (2) punitive damages.[3] Defendant principally argues that such requests amount to a claim for benefits under the Plan, but pursuant to the Plan Documents, Wellstar Health retained control over the terms of the Plan. Therefore, Aetna argues that because it "did not make the coverage determination [Plaintiff] challenges and has no power or authority either to award benefits . . . or to rewrite the Plan" (Def. Mem. at 31), the injury Plaintiff alleges is neither traceable to, nor redressable by, Aetna.

However, Plaintiff's theory is that "regardless of the [P]lan," Defendant has an independent duty to refrain from discriminating under Section 1557 of the ACA. (Pl. Opp. at 20.) In other words, Plaintiff argues, citing *Tovar v. Essential Health*, that the ACA requires Defendant to refrain from discriminating in its administration of the Plan, even if Wellstar Health was in control of the Plan's terms. 342 F. Supp. 3d. 947, 954 (D. Minn. 2018) (holding that "[n]othing in Section 1557, explicitly or implicitly, suggests that [third-party administrators of healthcare plans] are exempt from the [ACA]'s nondiscrimination

---

[3] Plaintiff also alleges that she and the class members are entitled to declaratory relief. (Am. Compl. ¶¶ 75, 87.) As the Court explains in the discussion of Count III, Plaintiff does not have standing to seek prospective declaratory relief. Plaintiff further alleges that she "suffered emotional distress as a result of Defendant's discriminatory [] Plan." (*Id.* ¶ 14; *see also id.* ¶¶ 41, 54, 59g, 72, 84.) To the extent that Plaintiff seeks damages for emotional distress, the Court notes that such damages are not recoverable under the anti-discrimination provisions of the ACA. *Cummings v. Premier Rehab Keller, P.L.LC.*, 596 U.S. 212, 230 (2022).

requirements" and that ERISA "carves out room for [third-party administrators] to comply with other federal laws"). In *Tovar*, the Eighth Circuit determined that a third-party administrator that received "claims, complaints, and appeals of claim denials" for the plaintiff's employer-sponsored health plan was a proper defendant in the plaintiff's ACA discrimination suit. 857 F.3d 771, 778 (8th Cir. 2017). The Court of Appeals further held that the plaintiff's "alleged injuries could well be traceable to and redressable through damages by" the third-party administrator, "notwithstanding the fact that [the plaintiff's employer] subsequently adopted the plan and maintained control over its terms." *Id.*

Here, as in *Tovar*, Plaintiff's injury may be traceable to Defendant because it allegedly designed the Plan and administrated claims under it, and that injury is redressable through damages. (Pl. Opp. at 22; Am. Compl. ¶¶ 3, 6–7, 11, 26, 45–52.) That is, if Defendant is responsible for requiring Plaintiff and other similarly situated individuals to pay for IUI to establish infertility, then the monetary costs stemming from such decisions are traceable to Defendant, and Defendant can redress them by paying damages.

Accordingly, Defendant's Rule 12(b)(1) motion is denied as to Counts I and II.

### 2. Count III

In Count III, plaintiff asks for a judgment declaring, *inter alia*, that (1) Defendant owes a legal duty to comply with Section 1557 of the ACA, (2) reasonable consumers would expect Defendant to comply with Section 1557 and to provide infertility benefits to Plaintiff and the putative class, and (3) Defendant continues to breach its duties by denying class members infertility benefits under the Plan on the basis of sexual orientation. (Am. Compl. ¶ 91.)

The injury prong of standing for declaratory relief, like injunctive relief, generally requires that the defendant's actions are likely to injury Plaintiff in the future. *See City of Los*

7

*Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy" for declaratory relief"); *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (holding that plaintiffs could not rely on past injuries to establish standing for declaratory judgment but instead needed to establish how they would be injured prospectively). Because Plaintiff is no longer employed by Wellstar Health or enrolled in its Plan, she does not have standing to seek declaratory relief.

Plaintiff argues that the "future harm" requirement is not applicable here because the requested declaratory judgment is a form of retrospective relief. (Pl. Opp. at 26–27 (citing *Meidl v. Aetna, Inc.*, No. 15-CV-1319 (JCH), 2017 WL 1831916, at *6 (D. Conn. May 4, 2017)).) But *Meidl* is distinguishable from the instant action. The *Meidl* Court held that the plaintiff need not show a likelihood of future harm to have standing to request an injunction ordering Aetna to reprocess his insurance claim, reasoning that "the requirement of a likelihood of future harm for standing is inapplicable to retrospective injunctive relief in the form of insurance claim processing." *Id.* Here, Plaintiff does not, and cannot, ask Defendant to reprocess her claims and provide benefits under the Plan because she is no longer a member of the Plan. (Pl. Opp. at 17-18.)

Nor is Plaintiff asking for a declaratory judgment that Defendant's denial of her claims *was* unlawful—instead, she seeks a judgment declaring that Defendant *continues* to violate federal law. *Cf. In re New York City Policing During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 397 (S.D.N.Y. 2021) (holding that plaintiffs need not show likelihood of future harm where "[t]hey do not seek an injunction or declaratory relief relating to future conduct—they seek only a declaration that past conduct was unlawful"). This is properly understood as a request for prospective relief. *See Dorce*, 2 F.4th at 95 (holding that plaintiffs lacked standing

8

to seek declaratory judgment that a city program was unconstitutional because they did not "demonstrate[] that they will be subject to future harm caused by the program").

Because Plaintiff has not shown that she is likely to suffer future harm caused by Defendant and the Plan, Defendant's Rule 12(b)(1) motion is granted as to Count III of the Amended Complaint.

**B.      Defendant's 12(b)(7) Motion**

Defendant also argues that this action must be dismissed under Rule 12(b)(7) because Plaintiff failed to join the Wellstar Health and the Plan, as well as the similarly situated employee benefit plans and their sponsors and administrators as defendants in this action. (Def. Mem. at 17.) Plaintiff responds that dismissal is unwarranted because she does not seek to recover benefits under the Plan, but rather, seeks damages as a result of "Defendant's discrimination against her in its design and administration of the [] Plan[.]" (Pl. Opp. at 13–14.) At this stage, the Court agrees with Plaintiff that Wellstar Health and the Plan (and other plan sponsors and/or administrators) are not necessary parties, and thus, does not reach the question of whether they are also indispensable parties under Rule 19.

To determine whether a case may proceed without an absent party, the Court must first determine whether a nonparty is a necessary party under Rule 19(a). *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). Under Rule 19(a), a party is necessary if "in that person's absence, the court cannot accord complete relief among the existing parties" or "that person claims an interest relating to the subject of the action" such that it would "impair or impede the person's ability to protect the interest" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)–(B). A necessary party must be joined if feasible.

9

Joinder is not feasible where joining the party would deprive this Court of subject matter jurisdiction or make venue improper. *See* Fed. R. Civ. P. 19(a)(1), (3); *see also Jayboy Music Corp v. Metro-Goldwyn-Mayer Pictures, Inc.*, No. 05-CV-8575 (JFK), 2006 WL 1738079, at *2 (S.D.N.Y. June 23, 2006).

If a party is necessary but joinder is not feasible, the Court must determine whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the action must be dismissed. *Viacom*, 212 F.3d at 725. A party is indispensable under Rule 19(b) when "in equity and good conscience, the party is one without whom the action between the remaining parties cannot proceed." *Am. Trucking Ass'n, Inc. v. New York State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015). Relevant factors include:

> the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Defendant argues that Wellstar Health and the Plan are necessary parties under Rule 19(a)(1)(A) because relief cannot be awarded in their absence. (Def. Mem. at 20–21.) Defendant maintains that Wellstar Health, as Plan Sponsor, "has the exclusive power to adopt and amend the [] Plan, including setting its terms, and pays all benefits under the Plan," and as Plan Administrator, has "full discretion with respect to the administration, operation, and interpretation of the Plan." (Def. Mem. at 20.) Without Wellstar Health or the Plan as named defendants, Defendant argues, the Court cannot award Plaintiff's requested relief that would

10

"(1) rewrite the terms of the plans, (2) direct how the plans are administered, and (3) require payment of specific benefits under those plans." (*Id.* at 21.)

Plaintiff counters that Defendant mischaracterizes the relief she seeks. (Pl. Opp. at 18–20.) She does not, she claims, seek an award of benefits under the Plan or for the Court to rewrite the terms of the Plan. In fact, because Plaintiff is no longer a member of the Plan, she cannot receive any benefits from it. Instead, she argues that "while Defendant claims that its responsibility is solely to administer the [] Plan according to its terms, under the ACA, it cannot do so where such administration causes an individual who is a member of a protected class to 'be subjected to discrimination.' . . . Under the ACA, Defendant has an independent, affirmative obligation to design the [] Plan and administer claims in a nondiscriminatory way." (*Id.* at 16.)

Pursuant to Plaintiff's theory, Aetna can provide complete relief for its own violations of the ACA without involvement of any other (absent) party. *See Berton v. Aetna Inc.*, No. 23-CV-01849 (HSG), 2024 WL 869651, at *5-6 (N.D. Cal. Feb. 29, 2024) (holding, in factually analogous case, that a sponsor of a self-funded plan administered by Aetna was not a necessary party); *Carr v. United Healthcare Servs.*, No. C15-1105-MJP, 2016 WL 7716060, at *1, *3 (W.D. Wash. May 31, 2016) (denying mandatory joinder of employer in part because plaintiff had "crafted her relief request such that she may obtain the relief she requests without [the plan administrator] as a party"). Moreover, Defendant acknowledges that where money damages are the only relief sought (as is the case here given the dismissal of Count III of the Amended Complaint), complete relief can be afforded without an absent party. *See* Def. Mem. at 27 (citing *Errico v. Stryker Corp.*, No. 10-CV-3960 (VM)(JLC), 2010 WL 5174361, at *2

11

(S.D.N.Y. Dec. 14, 2010)). Accordingly, the Court finds that Wellstar Health and the Plan are not necessary parties, and thus it does not need to decide whether joinder is feasible.[4]

Defendant's Rule 12(b)(7) motion is denied.

## IV.     CONCLUSION

For the reasons described above, Aetna's motion to dismiss (ECF No. 50) is **GRANTED** as to Count III and **DENIED** as to Counts I and II. Plaintiff's declaratory judgment claim is **dismissed without prejudice**. Within **twenty-one (21) days** of this Order, Plaintiff may file a Second Amended Complaint to address the deficiencies identified by the Court herein. Defendant shall file an answer or response accordingly within **fourteen (14) days** of the deadline for Plaintiff to file a Second Amended Complaint.

Further, the stay on discovery and this case is **LIFTED** as of **April 11, 2024**. The parties shall file an amended Rule 26(f) report on or by **April 26, 2024**.

**SO ORDERED.**

Hartford, Connecticut
March 12, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[4] Defendant argues that joinder of Wellstar Health and the Plan would not be feasible because both entities are based in Georgia and "[i]t is thus highly unlikely that Plaintiff can establish that the Wellstar Plan or Wellstar Health is subject to either venue or personal jurisdiction in this district." (Def. Mem. at 22.) Defendant also argues that it would be infeasible to join all other plans, sponsors, and administrators encompassed in Plaintiff's proposed class, and that the Wellstar Wrap Document also mandates that any action related to the Plan must be brought in the U.S. District Court for the Northern District of Georgia. (*Id.* at 11, 22.) Because the Court finds that Wellstar Health and the Plan are not necessary parties, however, the Court declines to address Defendant's argument here.