## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 3:22-cv-00229 (RNC) |
| -v- | |
| AETNA LIFE INSURANCE COMPANY, | April 16, 2024 |
| Defendant. | |

## AETNA LIFE INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT

Defendant Aetna Life Insurance Company ("Aetna"), by and through its attorneys, hereby answers the allegations in Plaintiff Tara Kulwicki's Amended Complaint, dated May 13, 2022 [ECF No. 42].

## GENERAL DENIAL

Except for those allegations expressly admitted herein, Aetna denies each and every allegation of the Amended Complaint. Except as defined herein, the defined terms of the Amended Complaint are incorporated herein by reference, but Aetna does not concede the truthfulness or accuracy of the defined terms. To the extent that headings contained in the Amended Complaint, some of which are replicated herein for ease of reference, contain allegations of fact to which a response is required, Aetna denies them in full.

## AMENDED COMPLAINT – CLASS ACTION

1.      Paragraph 1 does not set forth an allegation of fact to which a response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 1.

## <u>INTRODUCTORY STATEMENT</u>

2.      The allegations in Paragraph 3 set forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 set forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 3.

4.      Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5.      Except to admit that Tara Kulwicki previously was enrolled in the Wellstar Employee Medical Plan (the "Medical Plan"), Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity to the remaining allegations in Paragraph 5.

6.      Aetna denies the allegations in Paragraph 6.

7.      Aetna admits that under the terms of the Medical Plan, Aetna previously acted as a Claim Administrator.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 9. Paragraph 9 also purports to characterize the Medical Plan, which speaks for itself.

10.      Paragraph 10 and footnote 1 cited therein purport to characterize the Medical Plan, which speaks for itself.

11.      Aetna denies the allegation in Paragraph 11 that it designed the Medical Plan. The remainder of Paragraph 11 purports to characterize the Medical Plan, which speaks for itself.

12.     Aetna denies that it has engaged in discrimination and further denies that it caused any damages or injuries to Plaintiff or to any other similarly situated individual. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12.

13.     The first sentence of Paragraph 13 purports to characterize the Medical Plan, which speaks for itself. Aetna denies the second sentence of Paragraph 13.

14.     Aetna denies that it has engaged in discrimination and further denies that it caused any damages or injuries to Plaintiff. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15.     Aetna denies the allegations in Paragraph 15.

16.     Aetna denies the allegations in Paragraph 16.

17.     Aetna denies the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 set forth characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 18.

### JURISDICTION AND VENUE

19.     Paragraph 19 purports to characterize 28 U.S.C. § 1331 and 28 U.S.C. § 18116(a), which speak for themselves. Additionally, this paragraph contains legal conclusions to which no response is required.

20.     Paragraph 20 purports to characterize 28 U.S.C. § 1391(b)(1), which speaks for itself. Aetna admits that its corporate headquarters and principal place of business are located in the District of Connecticut at 151 Farmington Avenue, Hartford, CT 06156. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Aetna denies the remaining allegations in Paragraph 20.

## PARTIES

21.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22.     Aetna Life Insurance Company admits that its immediate corporate parent is Aetna Inc., who is not an insurer. Aetna denies that Aetna Inc. is Aetna Life Insurance Company's ultimate parent. Aetna Life Insurance Company is a citizen of the State of Connecticut.

23.     Except to admit that Aetna is a health insurance company that acts as an insurer for certain fully-insured health plans and a third party administrator for certain self-insured health plans throughout the United States, including in Connecticut, Aetna denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 24.

25.     Except to admit that Aetna is a health insurance company that acts as an insurer for certain fully-insured health plans and a third party administrator for certain self-insured health plans throughout the United States, including the former Wellstar Plan, Aetna denies the allegations in Paragraph 25.  Aetna specifically denies that it issued the Wellstar Plan.

## FACTUAL ALLEGATIONS

**Aetna's discriminatory Medical Plan**

26.     Except to admit that Plaintiff was enrolled in the Medical Plan in February 2019, Aetna denies the allegations in Paragraph 26.

27.     Paragraph 27 purports to characterize the Medical Plan, which speaks for itself.

28.     Paragraph 28 purports to characterize the Medical Plan, which speaks for itself.

29.     Paragraph 29 purports to characterize the Medical Plan, which speaks for itself.

30.     Paragraph 30 purports to characterize the Medical Plan, which speaks for itself.

31.     Paragraph 31 purports to characterize the Medical Plan, which speaks for itself.

32.     Paragraph 32 purports to characterize the Medical Plan, which speaks for itself. Footnote 2 referenced in Paragraph 32 purports to characterize Merriam Webster's definition of "coitus," which speaks for itself.

33.     Aetna denies the allegations in Paragraph 33.

34.     Aetna denies the allegations in Paragraph 34.

35.     Paragraph 35 does not set forth an allegation of fact as to Aetna to which a response is required. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36.     Aetna denies the allegations in Paragraph 36.

37.     Aetna denies the allegations in Paragraph 37.

38.     Aetna denies the allegations in Paragraph 38.

39.     Aetna denies the allegations in Paragraph 39.

40.     Aetna denies the allegations in Paragraph 40.

41.     Aetna denies that it has engaged in discrimination and further denies that it caused any damages or injuries to Plaintiff or to any other similarly situated individual. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41.

**Defendant denies Plaintiff benefits under the Medical Plan due to her Sexual Orientation**

42.     Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43.     Except to admit that Plaintiff submitted a precertification request for intrauterine insemination ("IUI") coverage to the Medical Plan in June 2021, Aetna lacks knowledge or information sufficient to form a belief as to the truth or the allegations in Paragraph 43.

44.     Except to admit that Aetna, on behalf of the Medical Plan, issued a letter to Plaintiff on June 29, 2021 denying her precertification request, Aetna denies the allegations in Paragraph 44.

45.     Paragraph 45 purports to characterize Plaintiff's July 15, 2021, appeal, which speaks for itself.

46.     Paragraph 46 purports to characterize Aetna's response, on behalf of the Medical Plan, to Plaintiff's July 15, 2021, appeal, which speaks for itself.

47.     Paragraph 47 purports to characterize Aetna's July 27, 2021, letter to Plaintiff, which speaks for itself.

48.     Paragraph 48 and footnote 3 cited therein purport to characterize CPB No. 327, which speaks for itself.

49.     Except to admit that Aetna, on behalf of the Medical Plan, issued a letter to Plaintiff on September 8, 2021, Aetna denies the allegations in Paragraph 49.

50.     Paragraph 50 purports to characterize Aetna's September 8, 2021, letter to Plaintiff, which speaks for itself.

51.     The first sentence of Paragraph 51 sets forth characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in the first sentence of Paragraph 51. The second sentence of Paragraph 51 purports to characterize the Medical Plan and CPB No. 327, which speak for themselves.

52.     Aetna denies that it has engaged in discrimination and further denies that it caused any damages or injuries to Plaintiff or to any other similarly situated individual. Aetna otherwise

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52.

53.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54.    Aetna denies that it caused any damages or injuries to Plaintiff. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54.

55.    Aetna denies that it has engaged in discrimination and further denies that it caused any damages or injuries to Plaintiff. Aetna otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55.

## CLASS ALLEGATIONS

56.    The allegations in Paragraph 56 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 56 and denies that Plaintiff is entitled to certification of the class she requests.

57.    The allegations in Paragraph 57 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 57 and denies that Plaintiff is entitled to certification of the class she requests.

58.    The first, fourth and fifth sentences of Paragraph 58 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in the first, fourth and fifth sentences of Paragraph 58. Except to admit that Aetna is a health insurance company that acts as an insurer for certain fully-insured health plans and a third party administrator for certain self-insured

health plans throughout the United States, Aetna denies the allegations in the second sentence. The third sentence of Paragraph 58 and footnote 4 cited therein purport to characterize a Forbes article, which speaks for itself.

59.    The allegations in Paragraph 59, and its subparagraphs (a) through (g), set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 59, and its subparagraphs (a) through (g), and denies that Plaintiff is entitled to certification of the class she requests.

60.    Aetna lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and denies that Plaintiff is entitled to certification of the class she requests.

61.    The allegations in Paragraph 61 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 61 and denies that Plaintiff is entitled to certification of the class she requests.

62.    The allegations in Paragraph 62 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 62 and denies that Plaintiff is entitled to certification of the class she requests.

## COUNT I – DISPARATE TREATMENT DISCRIMINATION

Violation of Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a)

63.    Aetna repeats and incorporates by reference each and every response set forth above as though fully and completely set forth here in Paragraph 63.

64. The allegations in Paragraph 64 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 purport to characterize Section 1557 of the ACA, which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 66 and denies that Plaintiff is entitled to certification of the class she requests.

67. The allegations in Paragraph 67 purport to characterize the Supreme Court's decision in *Bostock v. Clayton County*, 140 S.Ct. 1731 (2020), which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 67.

68. The allegations in Paragraph 68 purport to characterize Section 1557 of the ACA, which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 68.

69. Aetna denies the allegations in Paragraph 69.

70. Aetna denies the allegations in Paragraph 70.

71. Aetna denies the allegations in Paragraph 71.

72. Aetna denies the allegations in Paragraph 72.

73. Aetna denies the allegations in Paragraph 73.

74. Aetna denies the allegations in Paragraph 74.

75. Aetna denies the allegations in Paragraph 75.

## COUNT II – DISPARATE IMPACT DISCRIMINATION

Violation of Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a)

9

76.    Aetna repeats and incorporates by reference each and every response set forth above as though fully and completely set forth here in Paragraph 76.

77.    The allegations in Paragraph 77 set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 77.

78.    The allegations in Paragraph 78 purport to characterize Section 1557 of the ACA, which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 78.

79.    Aetna admits that Plaintiff and certain putative class members were, at one point in time, members of an Aetna health benefit plan. Aetna otherwise denies the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 purport to characterize the Supreme Court's decision in *Bostock v. Clayton County*, 140 S.Ct. 1731 (2020), which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 80.

81.    The allegations in Paragraph 81 purport to characterize Section 1557 of the ACA, which speaks for itself, or otherwise set forth legal conclusions to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 81.

82.    The allegations in Paragraph 82 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 82.

83.    Aetna denies the allegations in Paragraph 83.

84.    Aetna denies the allegations in Paragraph 84.

85.    Aetna denies the allegations in Paragraph 85.

86.    Aetna denies the allegations in Paragraph 86.

87.     Aetna denies the allegations in Paragraph 87.

## COUNT III – DECLARATORY JUDGMENT

Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

88.     Aetna repeats and incorporates by reference each and every response set forth above as though fully and completely set forth here in Paragraph 88.

89.     The allegations in Paragraph 89 purport to characterize the Declaratory Judgment Act, which speaks for itself. Additionally, the allegations in Paragraph 89 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 purport to characterize Section 1557 of the ACA, which speaks for itself. Additionally, the allegations in Paragraph 90 set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 90.

91.     The allegations in Paragraph 89, and its subparagraphs (a) through (c), set forth legal conclusions and characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Aetna denies the allegations in Paragraph 91, and its subparagraphs (a) through (c), and denies that Plaintiff is entitled to the relief she seeks.

## PRAYER FOR RELIEF

Aetna denies that any of the statements in the "Prayer for Relief" section constitute allegations of fact, deny Plaintiff's demands to the extent that they are, and deny that Plaintiff is entitled to any of the relief she seeks.

## JURY TRIAL DEMANDED

Aetna denies that Plaintiff is entitled to a jury trial.

11

## DEFENSES

Aetna asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate or available in this action.  By asserting the defenses herein, Aetna does not assume the burden of proof for any issues as to which the applicable law places the burden on Plaintiffs.

### FIRST DEFENSE

Aetna asserts that, to the extent any allegation contained in the Amended Complaint is not expressly admitted herein, it is denied.

### SECOND DEFENSE

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim against Aetna for which relief can be granted.

### THIRD DEFENSE

Some or all of Plaintiff's claims, and those of the members of the putative classes, are precluded or preempted by ERISA.

### FOURTH DEFENSE

Plaintiff lacks standing to bring any cause of action.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Aetna is not subject to Section 1557 of the Affordable Care Act.

### SIXTH DEFENSE

To the extent Plaintiff's complaints are about Aetna's resolution of benefit claims under the terms of her plan, although Aetna denies any liability to Plaintiff, in the event plan benefits are awarded to Plaintiff, Plaintiff's remedies for any alleged act or omission are subject to the terms of the Medical Plan and limited solely to those offered by ERISA.

## SEVENTH DEFENSE

To the extent Plaintiff's complaints are about Aetna's resolution of benefit claims under the terms of the Medical Plan, no benefits are payable to Plaintiff because she does not meet the requirements of the Plan.

## EIGHTH DEFENSE

To the extent Plaintiff's complaint is about Aetna's resolution of benefit claims under the terms of the Medical Plan, Plaintiff's claims are barred as the Plan's claims administrators acted reasonably with respect to the consideration and determination of Plaintiff's claims for benefits under the Medical Plan. The Plan's claims administrators did not abuse their discretion, or act arbitrarily or capriciously, in making the determination that no further benefits were due to Plaintiff.

## NINTH DEFENSE

To the extent Plaintiff's complaint is about Aetna's resolution of benefit claims under the terms of her Plan, substantial evidence supports the Plan's claims administrator's determination that no further benefits were due to Plaintiff.

## TENTH DEFENSE

Plaintiff, and members of the putative classes, are not entitled to relief that is precluded by the terms, conditions, limitations, and other provisions of the governing plans.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Aetna satisfied its contractual obligations by processing the claims at issue in accordance with the terms of the Medical Plan and/or applying the full contractually-required amount for the services at issue.

## TWELFTH DEFENSE

Plaintiff's claims are barred because all asserted causes of action have been mooted by payment of all benefits owed under the Medical Plan.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because unsubmitted claims are not ripe for adjudication by this Court.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred due to assignment of right(s) to various treatment providers, who assumed responsibility for the administrative appeals process on their behalf.

## FIFTEENTH DEFENSE

Aetna asserts any and all privileges and defenses available to it under ERISA, 29 U.S.C. § 1001, et seq.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Aetna complied with its duties under ERISA, 29 U.S.C. Section 1001, et seq. and the terms of the governing plan documents.

## SEVENTEENTH DEFENSE

Plaintiff's claims, and those of the members of the putative class, are barred, in whole or in part, to the extent she failed to follow appropriate procedures to file claims, exhaust administrative remedies, or avail herself of the applicable claims and appeal procedures.

## EIGHTEENTH DEFENSE

The relief sought in the Amended Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

14

**NINETEENTH DEFENSE**

The relief sought in the Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

**TWENTIETH DEFENSE**

The relief sought in the Amended Complaint is barred, in whole or in part, by the applicable statute of limitations or limitations set out in the terms of relevant agreements and plan documents.

**TWENTY-FIRST DEFENSE**

The damages suffered by Plaintiff, if any, are attributable, in whole or in part, to conduct of Plaintiff or persons or entities other than Aetna.

**TWENTY-SECOND DEFENSE**

The Amended Complaint fails to allege facts sufficient to support an award of actual, compensatory, consequential, punitive, or exemplary damages.

**TWENTY-THIRD DEFENSE**

Any and all damages claimed by Plaintiff, whether punitive, compensatory, liquidated, actual, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims under Title VII of the Civil Rights Act or Section 504 of the Rehabilitation Act of 1973.

**TWENTY-FOURTH DEFENSE**

To the extent that Plaintiff's Amended Complaint seeks exemplary or punitive damages, they violate Aetna's right to protection from excessive fines as provided in the Eighth Amendment to the United States Constitution, and violate Aetna's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and, therefore, fails to state a cause of action supporting such damages.

15

## TWENTY-FIFTH DEFENSE

Aetna's treatment of Plaintiff did not constitute prohibited discrimination (intentional or otherwise) as recognized by any state or Federal statute under which Plaintiffs bring their claims.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs' claims are governed by ERISA, Plaintiff is not entitled to compensatory, non-pecuniary, punitive or exemplary damages and/or attorneys' fees under the circumstances pled.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, in accordance with Fed. R. Civ. P. 19(a) because Plaintiff failed to join necessary and indispensable parties.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred because Aetna, in its role as ERISA claims fiduciary, was without legal authority to depart from the plan design requirements relating to administration of infertility benefits.

## TWENTY-NINTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred because Aetna Life Insurance Company does not receive federal financial assistance and is thus not a covered entity under 42 U.S.C.A. § 18116.

## THIRTIETH DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, by the doctrine of laches.

## THIRTY-FIRST DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, by the doctrine of waiver.

16

## THIRTY-SECOND DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, to the extent that they have been released.

## THIRTY-THIRD DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, to the extent that they are subject to a covenant not to sue.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, because the claimed injuries were not caused by Aetna (or its agents or employees).

## THIRTY-FIFTH DEFENSE

Plaintiff's claims, and those of the members of the putative classes, are barred, in whole or in part, because the claimed injuries were not caused by any fault or wrongdoing by Aetna or persons or entities over which Aetna had responsibility or control.

## THIRTY-SIXTH DEFENSE

Damages other than claims dollars claimed by Plaintiff and members of the putative classes, whether punitive, compensatory, attorneys' fees, or otherwise, are subject to exclusion and/or limitations because Aetna was not on notice that, by accepting federal funding in exchange for administering health benefits plans on behalf of governmental entities, it exposed itself to liabilities of that nature.

## THIRTY-SEVENTH DEFNSE

Plaintiff's claims, and those of the members of the putative classes, fail because the governing plans comport with applicable state law.

**THIRTY-EIGHTH DEFENSE**

Aetna reserves the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

Dated at Glastonbury, Connecticut this 16th day of April, 2024.

/s/ Michael P. Thompson_____
Michael P. Thompson (ct09634)
Dennis O. Brown (ct04598)
Gordon Rees Scully Mansukhani LLP
95 Glastonbury Blvd, Suite 206
Glastonbury, Connecticut 06033
Tel.: (860) 278-7448
Fax: (860) 560-0185
mpthompson@grsm.com
dbrown@grsm.com

Earl B. Austin
Sarah Reeves
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 408-2500

Mariellen Dugan
CALCAGNI & KANEFSKY LLP
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, New Jersey 07102
Tel.: 862-397-1796
mdugan@ck-litigation.com

*Attorneys for Aetna Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

*/s/ Michael P. Thompson*
Michael P. Thompson (ct09634)