UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
TARA KULWICKI, on behalf of herself and all others : similarly situated,
:
:
                  Plaintiff,      :        3:22-CV-229 (VDO)
:
   -against-                              :
:
AETNA LIFE INSURANCE COMPANY,   :
:
                  Defendant.     :
---------------------------------------------------------------- x

## SCHEDULING ORDER

Upon consideration of the parties' Amended Rule 26(f) Report (ECF No. 115), the Court orders that the deadlines set forth below shall apply.

- **Damages Analysis.** Any party with a claim or counterclaim for damages shall serve a damages analysis on the other parties, in compliance with Rule 26(a)(1)(A)(iii), on or before **October 16, 2025**. Any party required to serve a damages analysis shall serve an <u>updated</u> damages analysis on the other parties 14 days after the close of discovery.

- **Discovery Deadlines.**

    - All fact and expert discovery shall be completed (not propounded) by **January 16, 2026.**

    - The initial discovery phase will be limited to discovery relating to Aetna's role in designing the Wellstar Plan, which discovery will be completed by **August 30, 2024**.

        - Summary judgment motions relating to the question of Aetna's role in designing the Wellstar Plan shall be filed in accordance with the Honorable Vernon D. Oliver's Pretrial Preferences on or before **October 4, 2024**.

    - **Discovery Relating to Class Certification.** Plaintiff will designate and disclose experts and reports pertinent to class certification by **May 16, 2025**. Defendant will designate and disclose reports pertinent to class certification by **July 18, 2025**, or no later than **sixty (60) days** from the date of Plaintiff's disclosure if Plaintiff discloses before January 17, 2025. Plaintiff will

  disclose any rebuttal reports pertinent to class certification by **September 5, 2025**, or no later than **forty-five (45) days** from Defendant's disclosure if Defendant discloses before July 18, 2025.

  - Plaintiff shall move for class certification no later than May 16, 2025. Defendant shall file its response in opposition no later than **July 18, 2025**, or no later than **sixty (60) days** from the date of Plaintiff's motion if Plaintiff files before May 16, 2025. Plaintiff shall file a reply in support no later than **September 5, 2025**, or no later than **forty-five (45) days** from the date of Defendant's response if Defendant files its response before July 18, 2025.

  - **Discovery Relating to Expert Witnesses.** Unless otherwise ordered, a party intending to call any expert witness must comply with Fed. R. Civ. P. 26(a)(2)(B).

    - Parties must designate any trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **October 24, 2025**. Depositions of such experts must be completed by **November 21, 2025**.

    - Parties must designate all trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **December 19, 2025**. Depositions of such experts must be completed by **January 16, 2026**.

    - Any motion *in limine* or motion related to preclusion of an expert must be filed concurrently with the Joint Trial Memorandum.

- **Dispositive Motions.** The parties shall take the first step to initiate any dispositive motion practice, including requesting a pre-filing conference for a motion for judgment on the pleadings or summary judgment, according to the Honorable Vernon D. Oliver's Pretrial Preferences by **December 16, 2025.**

- If no requests for a pre-filing conference are filed by the above deadline, the Court will promptly convene a status conference to set dates for the filing of pre-trial submissions, the Joint Trial Memorandum, and trial.

- **Joint Status Reports of the Parties.**

  - A joint status report of the parties shall be filed on or before **October 16, 2025**. The report must address matters that are relevant to the case at the time and address each of the following items:

- (1) a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;

- (2) whether the parties expect to seek any extensions of any remaining deadlines in the case; and

- (3) whether the parties have engaged in settlement discussions.

  - A second joint status report of the parties shall be filed on **January 23, 2026**, certifying that discovery is complete and addressing the following:

    - (1) whether the parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial;

    - (2) the parties' estimate of the length of the trial; and

    - (3) a representation that the parties have conferred with each other, and that counsel for any represented parties have conferred with their clients, on the question of whether to seek referral for a settlement conference.

The Court encourages the parties to discuss settlement as soon as possible. At some point in this case, the Court will refer the parties to a U.S. Magistrate Judge to explore the potential for settlement. The Court understands that sometimes it is necessary to conduct some discovery before the parties can engage in productive mediation. If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference. But the parties may begin settlement discussions at any time, on their own, through a private mediator, or with the assistance of a U.S. Magistrate Judge.

The parties are advised that the Magistrate Judges may not be able to conduct settlement discussions on short notice. Accordingly, the parties should seek a referral for settlement discussions at the earliest possible date. To do so, any party may file a brief motion for a referral to a Magistrate Judge, representing that all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

**SO ORDERED.**

Hartford, Connecticut
April 29, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge