BAKER BOTTS L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
DALLAS
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

December 4, 2024

Earl B. Austin
TEL: 212.408.2564
FAX: 212.259.2564
earl.austin@bakerbotts.com

VIA ECF

Hon. Vernon D. Oliver
United States District Court, District of Connecticut
450 Main Street
Hartford, CT 06103

      Re:    *Kulwicki v. Aetna Life Ins. Co*, Case No. 3:22-cv-00229-VDO
              Request for Pre-Filing Conference

Dear Judge Oliver:

    Defendant Aetna Life Insurance Company ("Aetna") anticipates filing a motion for partial summary judgment or, in the alternative, renewed motion to dismiss. Discovery has demonstrated that Wellstar Health, a third party responsible for the benefit design of the Wellstar Plan under which Plaintiff seeks recovery, is a necessary and indispensable party to this action. Aetna proposes to file a motion for partial summary judgment on that limited question. In the alternative, Aetna proposes to renew its motion to dismiss on this same issue. Pursuant to the Court's local rules, Aetna submits this letter in support of its request for a pre-filing conference on the anticipated motion. Attached hereto as Exhibit 1 is a preliminary copy of Aetna's Local Rule 56(a)1 Statement of Undisputed Facts.

    Plaintiff Tara Kulwicki brings this action because she was denied coverage for infertility treatment under an employee health benefit plan sponsored and self-funded by her employer, Wellstar Health. Plaintiff alleges that the Wellstar Plan is discriminatory because she, as a homosexual woman, cannot satisfy the medical definition of infertility as required by the Plan. Wellstar Health is a hospital and healthcare system based entirely in Georgia, where Plaintiff also resides. Aetna served as claims administrator for the Wellstar Plan from 2016 to 2023 and processed Plaintiff's benefit claim in 2021.

    Aetna moved to dismiss Plaintiff's Amended Complaint under FRCP 12(b)(7) on the ground that Wellstar Health and the Wellstar Plan are necessary and indispensable parties under FRCP 19 over whom this Court cannot exercise jurisdiction because they are both Georgia residents. *See, generally,* Dkt. 50-1, 56, 99. Plaintiff opposed the motion principally on the ground that she alleged in her complaint that Aetna "designed" the pertinent terms of the Wellstar Plan specifically for adoption by Wellstar Health. *See* Dkt. 55 at 2, 9, 13-14. Plaintiff offered to conduct fact discovery on the allegation and noted that the Court could reconsider Aetna's motion with the benefit of that factual record. *See id.* at 14 n.7. Aetna thereafter requested, and the Court ordered, that the parties conduct "discovery relating to the Wellstar Plan design and Aetna's role with respect to said Plan." *See* Dkt. 116.

December 4, 2024

The parties have now developed a substantial factual record regarding the origins of the infertility benefit design of the Wellstar Plan. In sum, the factual record shows the following:

- The Wellstar Plan predated Aetna's relationship with Wellstar Health and offered an infertility benefit, subject to a requirement that a covered service must be medically necessary "in accordance with standards of good medical practice and consistent with scientifically based guidelines of medical, research, or healthcare coverage organizations or governmental agencies that are accepted by the Plan."

- Wellstar Health developed the Wellstar Plan in consultation with Mercer, a national consulting firm that specializes in employee benefits plan strategy and design. Wellstar Health, as a sophisticated hospital and healthcare organization, also had access to and relied upon its own internal medical staff in developing the Wellstar Plan.

- In 2015, Wellstar Health, through Mercer, solicited through a bid process and selected Aetna to serve as third-party claims administrator for the Wellstar Plan for the 2016 plan year. Aetna served in that capacity until 2023.

- In preparation for the 2016 plan year, Wellstar Health, Mercer and Aetna worked collaboratively to integrate the benefit design of the Wellstar Plan into Aetna's claims handling system. The parties jointly reviewed and discussed more than 500 individual benefit design and claims processing issues relating to the Wellstar Plan. Mercer typically acted as an intermediary for these discussions, collecting and sharing information between the parties, posing questions to Aetna on behalf of Wellstar, and relaying Wellstar's plan design decisions and directives to Aetna. Aetna typically was not privy to the internal discussions between Mercer and Wellstar on these issues.

- As part of this process, Wellstar Health, Mercer and Aetna discussed the infertility benefit, specially and in detail, including the provisions and application of Aetna's Clinical Policy Bulletin 327 and its definition of infertility. Wellstar Health specifically revised Aetna's customary infertility benefit, and the application of Aetna's CPB 327 to the Wellstar Plan, by removing a particular infertility exclusion. Wellstar Health otherwise retained the general medical necessity requirement for infertility benefits and adopted a modified version of the CPB 327 definition of infertility. A Wellstar representative testified that Wellstar understood that it could customize its infertility benefit, including removal of the medical necessity requirement and infertility definition altogether, and that the benefit design of the Wellstar Plan ultimately reflected Wellstar Health's own design choices.

- In 2020, Wellstar Health replaced Mercer with another national benefit design consultant, Willis Towers Watson ("WTW"), for the 2021 plan year. WTW provided plan design consulting services to Wellstar Health and the Wellstar Plan for the 2021 Plan—the plan under which Plaintiff sought infertility coverage. WTW made substantial revisions to the structure of the Wellstar Plan booklet for 2021, including applying Wellstar's modified definition of infertility to a segment of the Plan's infertility benefits in a manner that differed from Aetna's customary benefit.

- Wellstar Health and Aetna also executed a Master Services Agreement, which defined their relationship and respective responsibilities. Wellstar Health expressly retained "the final and sole authority regarding the benefits and provisions of the Plan(s), as outlined in [Wellstar'] Plan document" and agreed that "Aetna shall have no responsibility or liability for the content of any of [Wellstar's] Plan documents. . ., regardless of the role Aetna may have played in the preparation of such documents."

The Wellstar Plan is a self-funded plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The ERISA statute makes clear that the funding plan sponsor or its designated plan administrator—Wellstar Health assumed both roles here—bears the ultimate legal responsibility for the plan. Aetna, as a third-party claims administrator, was obligated under ERISA to administer the Plan according to its terms—the terms as directed and customized by Wellstar. *See, e.g., Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 150 (2001) (recognizing that plans must "be administered, and benefits be paid, in accordance with plan documents").

Based upon the foregoing, Aetna proposes to file a motion for partial summary judgment on the limited issue that Wellstar Health is a necessary and indispensable party to this action. Aetna submits that the evidentiary record establishes that Wellstar Health, factually and contractually, bears ultimate responsibility for the infertility benefit design of the Wellstar Plan.

Alternatively, the evidentiary record also resolves the pivotal factual question Plaintiff raised in opposition to Aetna's motion to dismiss under Rules 12(b)(7) and 19. The record now makes clear that, contrary to Plaintiff's allegations in her amended complaint, Aetna did not design the infertility benefit in the Wellstar Plan; rather, the Plan design was as Wellstar Health itself directed. Aetna proposes to renew its motion that Wellstar Health is a necessary and indispensable party to this action involving the Wellstar Plan and that this action must be dismissed because the Court lacks jurisdiction over either Wellstar entity.

In support of its renewed motion to dismiss, Aetna would note that Plaintiff, through her counsel in this action, has filed a separate class action against Wellstar Health in the Northern District of Georgia alleging that the Wellstar Plan, and its definition of infertility, violates Title VII of the Civil Rights Act. A copy of Plaintiff's Class Action Complaint in that action, which was filed on October 15, 2024, is attached hereto as Exhibit 2. Plaintiff alleges there that the Wellstar Plan, and its definition of infertility, "discriminates against non-heterosexual female employees on the basis of sex (female-sexual orientation and sex-stereotyping)." *Id.* at ¶ 21. Plaintiff's allegations against Wellstar Health in the Georgia action mirror her allegations against Aetna here. *Compare* Ex. 2 ¶¶ 12-22 *with* Am. Compl. [Dkt. 42] ¶¶ 27-41.

Given these two significant recent developments—the parties' discovery on the pivotal "benefit design" issue and Plaintiff's recent filing of a companion action against Wellstar Health in Georgia—Aetna submits that the Court may properly reconsider Aetna's motion to dismiss.

Aetna has conferred with Plaintiff's counsel regarding a briefing schedule and proposes the following schedule: Aetna's Motion: January 17, 2025; Plaintiff's Response: February 19, 2025; Aetna's Reply: March 7, 2025.

**BAKER BOTTS** LLP

December 4, 2024

Respectfully submitted,

/s/ Earl B. Austin
Earl B. Austin
Sarah E. Reeves
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Suite 900
Dallas, TX 75201-2980
Tel: (212) 408-2500
earl.austin@bakerbotts.com
sarah.reeves@bakerbotts.com

Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
**ROBINSON & COLE LLP**
One State Street
Hartford, Connecticut 06403
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

*__Attorneys for Defendant__*