IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-00229-VDO<br><br><br><br><br><br>January 12, 2026 |

**JOINT STATUS REPORT**

Plaintiff Tara Kulwicki ("Plaintiff") and Defendant Aetna Life Insurance Company ("Defendant" or "Aetna") (collectively, the "Parties"), by and through undersigned counsel, respectfully submit this Joint Status Report ("Report") concerning the status of discovery, the need for any extensions of the remaining case deadlines, and the status of settlement discussions, pursuant to the Court's Order dated October 27, 2025.  ECF No. 167.

**I.     Current Case Management Deadlines**

1.     On August 12, 2025, the Court granted the Parties' Joint Motion for Extension of Time (ECF No. 160) and entered the following case management deadlines:

April 14, 2026: Deadline for Plaintiff to file her motion for class certification and serve class certification-related expert reports;

June 16, 2026: Deadline for Defendant to file its opposition to Plaintiff's motion for class certification and serve class certification-related expert reports;

August 5, 2026: Deadline for Plaintiff shall file a reply in support of her motion for class certification and serve any rebuttal reports pertinent to class certification;

September 16, 2026: Deadline for any party with a claim or counterclaim for damages to serve a damages analysis on the other party in compliance with Rule 26(a)(1)(A)(iii);

1

September 16, 2026: Deadline for the Parties to file a Joint Status Report regarding the status of discovery, the need for any extensions of time, and the status of settlement discussions if any;

September 24, 2025: Deadline for the Parties to designate any trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof;

October 21, 2026: Deadline for depositions of disclosed experts to be completed;

November 16, 2026: Deadline for the Parties to take the first step to initiate any dispositive motion practice;

November 19, 2026: Deadline for the Parties must designate all trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof;

November 23, 2026: Deadline to file a Second Joint Status Report certifying that discovery is complete and addressing other matters related to trial;

December 16, 2026:  Deadline for depositions of disclosed experts to be completed; and

December 30, 2026: Deadline for any party required to serve a damages analysis to serve an updated damages analysis.

## II.    Discovery Conducted to Date & Discovery Remaining to Be Completed

2.    Discovery in this action has proceeded in stages.  On April 29, 2024, the Court entered a scheduling order that limited the initial discovery phase to "discovery relating to Aetna's role in designing the Wellstar Plan" and set deadlines for completing the initial discovery phase and for filing limited "[s]ummary judgment motions relating to the question of Aetna's role in designing the Wellstar Plan[.]" ECF No. 116 at 1.

3.    From April 29, 2024, through the briefing related to Defendant's motion for partial summary judgment,[1] which concluded on April 4, 2025 (ECF No. 157), discovery efforts focused solely on Aetna's role in designing the Wellstar Plan.  Aetna produced approximately 16,000 pages of documents relating to the development and design of the Wellstar Plan, Aetna's handling of

---

[1]    *See* ECF Nos. 126-128, 150-151, 153-154, 157.

Plaintiff's individual benefit claim, Aetna's general policies and procedures for handling benefit claims, and materials from Aetna's National Infertility Unit explaining infertility benefit coverage generally and coverage options available to self-funded plan sponsors. Plaintiff also deposed an Aetna corporate representative and a witness for the Wellstar Plan.

4. Upon submission of the summary judgment briefing, the Parties met and conferred to reinstate discovery efforts relevant to the entire action, including but not limited to, classwide claims-related data production. On July 9, 2025, Defendant advised Plaintiff of its proposed phased, multi-step process for collecting and reviewing claims data relevant to class discovery. Defendant proposed a staging process whereby Aetna would focus first upon the initial collection of claims data, after which it proposed that the Parties would revisit the timing of the follow-on process to attempt to identify potential class members.

5. As Defendant explained in the Parties' August 7, 2025 Joint Motion for Extension of Time (ECF No. 159), Defendant's assertion is that its collection and review of classwide claims-related data is time and resource intensive. As a necessary first step, Defendant needed to collect data regarding its members who submitted claims for relevant infertility codes during the class period. Once this first installment of classwide claims-related data is collected and produced, Aetna will then have to conduct what it describes as a largely manual review of beneficiary and other member data to locate information, if any, that may identify claims involving same sex couples (which is not information that Aetna routinely receives in connection with a claim), as may have been provided to Aetna by plan sponsors. According to Aetna, this latter process is extremely expensive and burdensome. According to Plaintiff, this data is critical to both class certification and any settlement discussions.

6. On September 25, 2025, the Court denied Defendant's motion for summary judgement in its entirety. ECF No. 161.

7. The Parties met and conferred on October 21, 2025 regarding Plaintiff's First Set of Requests for Production, Second Set of Requests for Production, Interrogatories, and Requests for Admission. During that conference, Defendant agreed to amend its written discovery responses to identify those requests for which it has conducted a diligent search and for which no responsive documents or supplemental production exist. Defendant further agreed to amend its interrogatory responses, to the extent it relies on Rule 33(d), to identify the specific Bates ranges of the documents on which it relies. Plaintiff also requested that Defendant provide a written description of the parameters used to collect documents to date, including custodians, search terms, date ranges, and the platforms or databases searched.

8. On October 27, 2025, the Court held a status conference to discuss the status of discovery. ECF No. 166. Counsel for Defendant represented that Defendant would produce the first installment of classwide claims-related data by the end of December, 2025.

9. On January 9, 2026, the Parties met and conferred, and Defendant advised Plaintiff that it expected to produce the data by the end of the day. As of the date of this Report, Defendant has not yet produced this classwide data.

10. Aetna has been working diligently to compile the classwide claims data, but the individual responsible for processing the data had a death in the family late last year and was out of the office for a period of time, which slowed the process. At this time, the data has been collected and is undergoing review and finalization. Given the volume of the data, which involves a nationwide data set, the quality control process is taking longer than anticipated but Aetna expects to be able to produce the data shortly.

11. Until Defendant's production of its first installment of classwide claims-related data, Plaintiff cannot meaningfully analyze how probative or useful it will be in allowing them to prepare their class certification motion, nor does Plaintiff have, at this time, any specific insight into the nature of the additional information that will be gained when Aetna completes the second and third steps of its data collection process. As mentioned above, Aetna has not yet produced the first installment of this data or advised Plaintiff how long it will take Aetna to complete the second and third steps of its data collection process.

12. The Parties have met and conferred to discuss the sufficiency of Defendant's responses to Plaintiffs' document requests, interrogatories, and requests for admission. It is Plaintiff's position that there is one unresolved discovery dispute relating to a New York Department of Insurance investigation. Plaintiff intends to file a motion to compel to seek the Court's assistance in resolving this outstanding issue if the case is not timely scheduled for mediation.

13. Plaintiff served third set of Requests for Production of Documents ("RFPs"), consisting of two RFPs, on November 26, 2025. Defendant served its objections and responses on December 19, 2025. The Parties met and conferred regarding Defendant's objections and response to RFP No. 17 on January 9, 2026. Plaintiff intends to continue the meet and confer process on this RFP if the case is not timely scheduled for mediation.

14. Plaintiff intends to serve an amended notice for depositions pursuant to Rule 30(b)(6) and to take depositions pursuant to Rule 30(b)(1). If a mediation is not timely scheduled, Plaintiff will serve these notices of deposition and intends to complete at least the majority of depositions prior to Plaintiff's deadline to file her motion for class certification.

15. Expert discovery on class certification and merits issues remains to be conducted pursuant to the scheduled set out in ECF No. 160.

### III. Extension of Remaining Case Management Deadlines

16. The Parties will continue to confer in good faith regarding the completion of discovery but anticipate that extensions of remaining deadlines will likely be necessary, given that Plaintiffs are still awaiting the first installment of class-related data production from Aetna. Even if this data is produced imminently, Plaintiff expects that an extension will be necessary due to the remaining open questions, such as what this first installment will show, how long it will take Aetna to complete the second and third steps of its data collection process, what each production will actually include, and what Plaintiff will still require from Aetna in order to be fairly prepared to present a class certification motion. Further, if a mediation is timely scheduled, the Parties may seek an extension of the remaining deadlines in order to focus of resolution of the action.

### IV. Settlement Discussions

17. Immediately prior to the October 27, 2025 status conference with the Court, counsel for Defendant advised Plaintiff that Defendant is willing to mediate. Plaintiff has provided the dates of availability for three proposed mediators. Aetna has not yet responded with its availability and preference of mediator, but will do so shortly.

### V. February 3, 2026 Status Conference

18. The Parties will be prepared to address the status of discovery, mediation scheduling, and potential extensions for the remaining case management deadlines at the status conference scheduled for February 3, 2026.

Dated: January 12, 2026

/s/ Theodore J. Tucci
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
**ROBINSON & COLE LLP**
One State Street
Hartford, CT 06103-3195
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

/s/ Earl B. Austin
Earl B. Austin (pro hac vice)
Sarah Reeves (pro hac vice)
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant Aetna Life Insurance Company*

Respectfully submitted,

/s/ Jamisen A. Etzel
Gary F. Lynch (pro hac vice)
Kelly K. Iverson (pro hac vice)
Jamisen A. Etzel (pro hac vice)
**LYNCH CARPENTER, LLP**
1133 Penn Ave.
Pittsburgh, PA 15232
Tel.: (412) 322-9243
Fax: (412) 231-0246
gary@lcllp.com
kelly@lcllp.com
jamisen@lcllp.com

/s/ Erin Green Comite
Erin Green Comite (ct24886)
Anja Rusi (ct30686)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street, P.O. Box 192
Colchester, CT 06415
Tel.:  (860) 537-5537
Fax:  (860) 537-4432
ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo (ct27481)
Amanda Rolon (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com
arolon@scott-scott.com

*Counsel for Plaintiff Tara Kulwicki*

7