IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA KULWICKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-00229-VDO<br><br><br><br><br>March 16, 2026 |

## JOINT STATUS REPORT

Plaintiff Tara Kulwicki ("Plaintiff") and Defendant Aetna Life Insurance Company ("Defendant" or "Aetna") (collectively, the "Parties"), by and through undersigned counsel, respectfully submit this Joint Status Report ("Report") to provide the Court with an update regarding the Parties' efforts to mediate, the status of discovery, and whether any extensions of the remaining case deadlines are necessary, pursuant to the Court's Order dated February 3, 2026. ECF No. 172.

### I.    Mediation

1.    On February 3, 2026, the Parties appeared before the Court for a status conference to address, among other matters, the status of discovery and the Parties' efforts to pursue mediation. Following that conference, the Parties proceeded with mediation as discussed with the Court.

2.    On March 6, 2026, the Parties participated in a mediation before the Honorable Diane M. Welsh (Ret.). The mediation did not result in a resolution, as the Parties were unable to reach agreement.

1

3.    In light of the unsuccessful mediation, the Parties will resume litigation, and discovery remains necessary to further develop the record.

**II.    Discovery Conducted to Date & Discovery Remaining to Be Completed**

4.    Discovery in this action has proceeded in stages.  On April 29, 2024, the Court entered a scheduling order that limited the initial discovery phase to "discovery relating to Aetna's role in designing the Wellstar Plan" and set deadlines for completing the initial discovery phase and for filing limited "[s]ummary judgment motions relating to the question of Aetna's role in designing the Wellstar Plan[.]" ECF No. 116 at 1.

5.    From April 29, 2024, through the briefing related to Defendant's motion for partial summary judgment,[1] which concluded on April 4, 2025 (ECF No. 157), discovery efforts focused solely on Aetna's role in designing the Wellstar Plan.  Aetna produced approximately 16,000 pages of documents relating to the development and design of the Wellstar Plan, Aetna's handling of Plaintiff's individual benefit claim, Aetna's general policies and procedures for handling benefit claims, and materials from Aetna's National Infertility Unit explaining infertility benefit coverage generally and coverage options available to self-funded plan sponsors.  Plaintiff also deposed an Aetna corporate representative and a witness for the Wellstar Plan.

6.    Upon submission of the summary judgment briefing, the Parties met and conferred to reinstate discovery efforts relevant to the entire action, including but not limited to, classwide claims-related data production.  On July 9, 2025, Defendant advised Plaintiff of its proposed phased, multi-step process for collecting and reviewing claims data relevant to class discovery. Defendant proposed a staging process whereby Aetna would focus first upon the initial collection

---

[1]    *See* ECF Nos. 126-128, 150-151, 153-154, 157.

of claims data, after which it proposed that the Parties would revisit the timing of the follow-on process to attempt to identify potential class members.

7.      As Defendant explained in the Parties' August 7, 2025 Joint Motion for Extension of Time (ECF No. 159), Defendant's collection and review of classwide claims-related data is time and resource intensive.  As a necessary first step, Defendant needed to collect data regarding its members who submitted claims for relevant infertility codes during the class period.  Once this first installment of classwide claims-related data is collected and produced, Aetna will then have to conduct what it describes as a largely manual review of beneficiary and other member data to locate information, if any, that may identify claims involving same sex couples (which is not information that Aetna routinely receives in connection with a claim), as may have been provided to Aetna by plan sponsors. According to Aetna, this latter process is extremely expensive and burdensome.  According to Plaintiff, this data is critical to both class certification and any settlement discussions.

8.      On September 25, 2025, the Court denied Defendant's motion for summary judgment in its entirety.  ECF No. 161.

9.      On October 27, 2025, the Court held a status conference to discuss the status of discovery.  ECF No. 166.  Counsel for Defendant represented that Defendant would produce the first installment of classwide claims-related data by the end of December 2025.

10.      On January 30, 2026, Defendant produced the first installment of classwide claims related data. This production also included the second step of the process, incorporating beneficiary information received as part of Aetna's enrollment data. In order to finalize the data, Aetna needs to complete the last step of its data collection process, which involves running key word searches across members precertification records to determine if they referenced the presence

of a same-sex partner. Aetna proposed its list of key words to search to Plaintiff's counsel in November 2025. Once the parties come to agreement on these terms, Aetna can complete the final step in the claims data process.

11. The Parties have met and conferred to discuss the sufficiency of Defendant's responses to Plaintiff's document requests, interrogatories, and requests for admission. It is Plaintiff's position that there is at least one unresolved discovery dispute for which the parties have reached impasse, relating to a New York Department of Insurance investigation. Plaintiff intends to file a motion to compel seeking the Court's assistance in resolving this outstanding issue.

12. There were numerous other unresolved discovery issues at the time the Parties agreed to mediation, but as explained at the previous status conference with the Court, the Parties held off on those matters in order to focus on the upcoming mediation. Now that discovery will resume, the Parties will continue meeting and conferring on disputed issues in an effort to resolve them before seeking Court intervention.

13. For example, Plaintiff served a third set of Requests for Production of Documents ("RFPs"), consisting of two RFPs, on November 26, 2025. Defendant served its objections and responses on December 19, 2025. The Parties met and conferred regarding Defendant's objections and response to RFP No. 17 on January 9, 2026. Plaintiff intends to continue the meet and confer process on this RFP.

14. Plaintiff intends to serve an amended notice for depositions pursuant to Rule 30(b)(6) and to take depositions pursuant to Rule 30(b)(1). Plaintiff intends to serve these notices of deposition and anticipates completing at least the majority of depositions prior to Plaintiff's deadline to file her motion for class certification.

15. Defendant also intends to depose Plaintiff and possibly certain third-party witnesses.

16. In January, Defendant followed up on certain Requests for Production it previously served on Ms. Kulwicki. Aetna intends to further follow up on these and engage in the meet and confer process as needed.

### III.    Extension of Remaining Case Management Deadlines

17. The Parties will continue to confer in good faith regarding the completion of discovery but respectfully submit that an extension of the remaining case management deadlines is necessary.

18. As described above, because discovery relating to classwide claims data remains ongoing, the Parties respectfully request that the Court extend the remaining case management deadlines by approximately six months.

19. The Parties' proposed revised case management deadlines are set forth below.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Plaintiff to file her motion for class certification and serve class certification-related expert reports. | April 14, 2026 | October 14, 2026 |
| Deadline for Defendant to file its opposition to Plaintiff's motion for class certification and serve class certification-related expert reports. | June 16, 2026 | December 16, 2026 |
| Deadline for Plaintiff to file reply in support of her motion for class certification and serve any rebuttal reports pertinent to class certification | August 5, 2026 | February 5, 2027 |
| Deadline for any party with a claim or counterclaim for damages to serve a damages analysis on the other party pursuant to Rule 26(a)(1)(A)(iii) | September 16, 2026 | March 16, 2027 |
| Deadline for the Parties to file a Joint Status Report regarding the status of discovery, the need for any extensions of time, and the status of settlement discussions | September 16, 2026 | March 16, 2027 |

| Deadline for depositions of disclosed experts to be completed | October 21, 2026 | April 21, 2027 |
|---|---|---|
| Deadline for the Parties to take the first step to initiate any dispositive motion practice | November 16, 2026 | May 17, 2027 |
| Deadline for the Parties to designate all trial experts and provide reports from retained experts on issues on which they do not bear the burden of proof | November 19, 2026 | May 19, 2027 |
| Deadline for the Parties to file a Second Joint Status Report certifying that discovery is complete and addressing trial-related matters | November 23, 2026 | May 24, 2027 |
| Deadline for depositions of disclosed experts to be completed | December 16, 2026 | June 11, 2027 |
| Deadline for any party required to serve a damages analysis to serve an updated damages analysis | December 30, 2026 | June 30, 2027 |

Dated:  March 16, 2026

Respectfully submitted,

/s/ Theodore J. Tucci
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
**ROBINSON & COLE LLP**
One State Street
Hartford, CT 06103-3195
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com


/s/ Sarah Reeves
Sarah Reeves (pro hac vice)
Earl B. Austin (pro hac vice)
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com

/s/ Jamisen A. Etzel
Gary F. Lynch (pro hac vice)
Kelly K. Iverson (pro hac vice)
Jamisen A. Etzel (pro hac vice)
**LYNCH CARPENTER, LLP**
1133 Penn Ave.
Pittsburgh, PA 15232
Tel.: (412) 322-9243
Fax: (412) 231-0246
gary@lcllp.com
kelly@lcllp.com
jamisen@lcllp.com


/s/ Erin Green Comite
Erin Green Comite (ct24886)
Anja Rusi (ct30686)
**SCOTT+SCOTT  ATTORNEYS  AT  LAW LLP**
156 S. Main Street, P.O. Box 192
Colchester, CT 06415
Tel.:  (860) 537-5537
Fax:  (860) 537-4432

6

earl.austin@bakerbotts.com

*Counsel for Defendant Aetna Life Insurance Company*

ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo (ct27481)
Amanda Rolon (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com
arolon@scott-scott.com

*Counsel for Plaintiff Tara Kulwicki*

7